RAYMOND M. SCHRAMM, DIANE SCHRAMM AND JO ANN CLARK, ADMINISTRATRIX OF THE ESTATE OF C. M. SCHRAMM, DECEASED, APPELLANTS, *v.* SHUKRI 'M' EL–KHATIB, STANLEY OAKES, GARTH CAMERON, B. A. TODKILL, MIDTOWN MOTORS, INC., A NEVADA CORPORATION, AND TODKILL LINCOLN MERCURY, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 4920

January 19, 1966                    409 P.2d 888

*John Peter Lee,* of Las Vegas, for Appellants.

*Robert E. Jones,* of Las Vegas, for Respondent Garth Cameron.

*Christensen, Bell & Morris,* of Las Vegas, for Respondents Stanley Oakes and Midtown Motors, Inc.

*Morse & Graves,* of Las Vegas, for Respondents B. A. Todkill and Todkill Lincoln Mercury, Inc., a Nevada Corporation.

## OPINION

By the Court, BADT, J.:

This is an appeal from the order of the court below granting respondents' motion to dismiss pursuant to NRCP 41(e) for failure to bring the action to trial within two years from and after said action was filed.[1]

The suit (for damages for personal injury and wrongful death) was filed August 28, 1961, naming Shukri 'M' El-Khatib, Stanley Oakes, Garth Cameron, B. A. Todkill, Midtown Motors, Inc., and Todkill Lincoln Mercury, Inc., as defendants. Apparently, this action was instituted a little over a year and a half after the New Mexico Federal District Court granted motions of defendants to quash service but prior to the New Mexico jury verdict in favor of appellants and against Shukri 'M' El-Khatib on February 9, 1962.

Answers to the Nevada complaint were filed by respondents—Garth Cameron (September 28, 1961); Stanley Oakes and Midtown Motors, Inc. (October 2, 1961); B. A. Todkill and Todkill Lincoln Mercury, Inc. (November 6, 1961). Shukri 'M' El-Khatib was not personally served and he did not answer or appear. Appellants took no other action after filing the complaint until

---

[1]NRCP 41(e) Want of Prosecution. The court may in its discretion dismiss any action for want of prosecution * * * whenever plaintiff has failed for two years after action is filed to bring such action to trial. * * * A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides."

a motion to dismiss for failure to prosecute, pursuant to Rule 41(e) was filed on April 24, 1964. Stanley Oakes and Midtown Motors, Inc., filed the same motion on May 5, 1964. Both motions were denied. Another motion was filed by Garth Cameron on February 15, 1965, and B. A. Todkill and Todkill Lincoln Mercury, Inc., filed their motion on March 1, 1965. The court, without objection considered Stanley Oakes' and Midtown Motors, Inc.'s motion which had been previously filed as being renewed for the purpose of the hearing.

On March 10 and 11, 1965, the Nevada District Court ordered the action dismissed with prejudice as to Cameron, Todkill, Todkill Lincoln Mercury, Inc., Oakes and Midtown Motors, Inc.

It will be seen that the dismissals were ordered approximately three and one-half years after the action had been filed—no attempt having been made to bring it to trial within that time.

An appeal from said orders was duly taken by all the appellants herein.

As a preliminary matter, it should first be noted that heretofore these appellants moved in the Federal District Court of New Mexico to dismiss with prejudice their causes of action against defendants Murdock-Salyer Chevrolet Company, Garth Cameron and B. A. Todkill individually. Murdock-Salyer Chevrolet Company is not named as a defendant herein and is not a respondent. Garth Cameron and B. A. Todkill are named as respondents despite the granting of appellants' own motion in the New Mexico Federal District Court to dismiss their cause of action with prejudice as to these defendants. This would seem to eliminate them as parties to the Nevada action and to the present appeal by application of the doctrine of estoppel. The judgment against Shukri 'M' El-Khatib in New Mexico would likewise seem to eliminate him as respondent herein as being res judicata. This would appear to leave only Stanley Oakes, Midtown Motors, Inc., and Todkill Lincoln Mercury, Inc., as respondents herein.

Rule 41(e) was amended in this jurisdiction, effective March 16, 1964, by adding a concluding sentence as follows: "A dismissal under this subdivision (e) is a bar

to another action upon the same claim for relief against the same defendants unless the court otherwise provides." Instead of using the words of NRCP 41(e) as amended, the court below simply dismissed the action against them "with prejudice." This dismissal was made under the discretionary powers of the court after the expiration of some three and one-half years without bringing the case to trial. Appellants do not contest the fact that it was subject to dismissal under the provisions of the section but contend that the dismissal and particularly the dismissal "with prejudice" was an abuse of the lower court's discretion, because the continued and complex proceedings before the New Mexico District Court and the Tenth Circuit Court of Appeals (which appellants outline in greater detail than recited herein) provided a reasonable excuse for not bringing the Nevada action to trial. The sole question for our consideration, then, is whether there was such abuse of discretion.

There are no ironclad rules governing the situation. In Harris v. Harris, 65 Nev. 342, 196 P.2d 402 (1948), this court said:

"The only limitation upon the discretionary power of the court to dismiss a cause for delay in its prosecution is that it must not be abused. (Citation.)

"Each particular case presents its own peculiar features, and no ironclad rule can justly be devised applicable alike to all. (Citations.)

"The discretion to be exercised, under the circumstances of the particular case, is a legal discretion, to be exercised in conformity with the spirit of the law and in such a manner as to subserve and not to impede or defeat the ends of substantial justice. (Citations.)

In Northern Illinois Corp. v. Miller, 78 Nev. 213, 370 P.2d 955 (1962), quoting Harris v. Harris, supra, this court said: " '[U]nless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal.' "

We turn then to the proceedings in the New Mexico courts. As briefly as may be stated, they were as follows:

Suit was initially filed in the Second Judicial District Court of New Mexico on September 5, 1958, by the appellants and, upon petition, was removed to the U.S. District Court for New Mexico on September 24, 1958. Several defendants in that action moved to quash service on the basis that they were nonresidents of the State of New Mexico. The Federal District Court granted the motion of Murdock-Salyer Chevrolet Company, Stanley Oakes, Midtown Motors, Inc., Garth Cameron, B. A. Todkill, Todkill Lincoln Mercury, Inc., and Cooper Oldsmobile, Inc.

An interlocutory appeal was attempted by the appellants but the Tenth Circuit Court of Appeals refused to hear it. Consequently, the case went to trial with only Red Gilmore and Shukri 'M' El-Khatib as defendants. A verdict was returned in favor of appellants as against those two defendants. Thereafter, appellants sought reversal of the previous order granting the motion to quash service of process on the other defendants. The Tenth Circuit sustained a motion to dismiss the appeal on December 19, 1962, because no final judgment had been entered. (See Schramm v. Murdock-Salyer Chevrolet Company, 312 F.2d 249 (10th Cir. 1962)).

After a final decree was entered by the U.S. District Court for New Mexico, appellants moved to dismiss with prejudice their causes of action against defendants Murdock-Salyer Chevrolet Company, Garth Cameron, and B. A. Todkill for reasons other than an alleged defect of service of process. An appeal was once again taken to the Tenth Circuit Court of Appeals questioning the quashing of service on the remaining defendants. On September 16, 1965, the Tenth Circuit reversed and remanded stating that, "The evidence is as yet inconclusive as to who was the owner of the automobile at the time of the collision." Schramm v. Oakes, No. 8011, Domenici, Admr. v. Oakes, No. 8012, 352 F.2d 143 (10th Cir. 1965). Apparently, the court felt that "this [was] the type of case where appellants should have the opportunity of proving jurisdiction during the trial on the merits and [should] not be cut off at a preliminary hearing." The action is presently pending before the U.S. District Court in New Mexico.

All these proceedings in the New Mexico courts were

set forth in detail to the court below through affidavits in opposition to the motion to dismiss. Appellants assert that the court below was guilty of a gross abuse of discretion in its failure "to give due and accurate assessment" to the New Mexico litigation. The district court's order of March 11, 1965, indicates that the motion was first argued on March 4, 1965, and was continued at appellants' request to March 11, at which time the court considered the arguments and the affidavits submitted (which included the affidavit of New Mexico counsel reciting the New Mexico proceedings), whereupon the court made its order of dismissal. The record shows that the New Mexico litigation had continued for three years before the Nevada suit was filed, and has since been pending in Nevada for an additional three and one-half years, without any attempt to bring it to trial.

Further, it is apparent that if the New Mexico District Court ultimately finds that it has jurisdiction over Stanley Oakes, Midtown Motors, Inc., and Todkill Lincoln Mercury, Inc., then the appellants' rights will be adjudicated in the New Mexico case. On the other hand, if that court finds that it does not have jurisdiction over them, such finding will also determine that they cannot be held liable to the appellants, and would be res judicata in the present Nevada case. As the rights of the litigants may be finally resolved in the New Mexico case, we cannot find that the lower court here abused its discretion in granting a 41(e) dismissal. We wish to make it clear, however, that the dismissal in this case shall not be a bar to the New Mexico proceeding, and therefore modify the order of dismissal below by adding these words: "This dismissal is not a bar to the New Mexico action upon the same claim for relief and against the same defendants."

As noted above, under the 1964 amendment to NRCP 41(e), "a dismissal under the subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides." If such bar or prejudice was all that the court desired or intended, the dismissal "with prejudice" was

unnecessary and surplusage. However, in order that it may not be construed as in any manner interfering with proceedings in New Mexico, and may not be pleaded as res judicata in the New Mexico case, the words "with prejudice" are hereby stricken from the court's orders of March 10 and 11, 1965.

We find no gross abuse of the court's discretion in dismissing the action under NRCP 41(e).

Modified as above, the orders are affirmed.

THOMPSON, J., and ZENOFF, D. J., concur.

McNAMEE, C. J., being incapacitated, the Governor assigned Honorable David Zenoff of the Eighth Judicial District Court to sit in his place.