An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ASCENDANT UNIVERSAL FUND I, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant/Cross-Respondent,
and
ONECAP MORTGAGE, A NEVADA CORPORATION; SHADOW RANCH INDIO, LLC, A NEVADA LIMITED LIABILITY COMPANY; SERENATA DEVELOPMENT GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
Cross-Respondents,
vs.
WHITE STALLION ESTATES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; FTB CONSULTING GROUP, INC., A DELAWARE CORPORATION; FAMILY DEVELOPMENT GROUP; ANTUN BARBATO, INDIVIDUALLY; VINCENT BARBATO, INDIVIDUALLY; JAC CONSULTING GROUP, INC., A DELAWARE CORPORATION; PACWEST MANAGEMENT GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY; H & K CONSULTING, INC., A CALIFORNIA CORPORATION; RAYMOND C. HERRERA, INDIVIDUALLY; AND RUDY C. HERRERA, INDIVIDUALLY,
Respondents/Cross-Appellants.

No. 60100

FILED

JUN 1 1 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL AND CROSS-APPEAL

This is an appeal and a cross-appeal from a district court order dismissing a complaint for failure to prosecute under NRCP 41(e). Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

When our preliminary review of the docketing statements and the NRAP 3(g) documents revealed potential jurisdictional defects, we ordered appellant and cross-appellants to show cause why this appeal and cross-appeal should not be dismissed for lack of jurisdiction. First, it appeared that the district court has not entered a final, written judgment adjudicating all the rights and liabilities of all the parties. NRAP 3A(b)(1) (listing final judgments as appealable); *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000) (noting that a final judgment is one that disposes of all the claims and issues of all the parties); *Mallin v. Farmers Ins. Exchange*, 106 Nev. 606, 608-09, 797 P.2d 978, 980 (1990) (recognizing that consolidated district court actions are treated as one case for purposes of determining whether a final, appealable judgment has been entered). Second, with respect to the cross-appeal, it appeared that cross-appellants were not aggrieved parties with standing to appeal, because the district court ultimately dismissed the claims against them. *See* NRAP 3A(a); *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994).

The parties timely responded. In its response, appellant argues that all claims, counterclaims, and third-party claims were resolved by the NRCP 41(e) dismissal. *See United Ass'n of Journeymen v. Manson*, 105 Nev. 816, 783 P.2d 955 (1989). Cross-appellants largely agree with appellant but also explain that the counterclaims against cross-respondent OneCap Mortgage were not dismissed under NRCP 41(e) because they were subject to the automatic bankruptcy stay under 11 U.S.C. § 362 at the time the rest of the action was dismissed. No party addressed whether the NRCP 41(e) dismissal affected Sunwest Homes, Inc.'s claims asserted in the consolidated case below, Case No. A558034. Cross-appellants also asserted that although the claims against them were

dismissed, they were adversely affected by a prior district court order denying their motion for summary judgment and should be allowed either to appeal or to raise arguments concerning the summary judgment denial within the context of appellant's appeal. *See Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) (recognizing that a party "who is not aggrieved by a judgment need not appeal from the judgment in order to raise arguments in support of the judgment not necessarily accepted by the district court").

The parties have not demonstrated that Sunwest Homes, Inc.'s claims asserted in the consolidated case below, Case No. A558034, have been resolved. Moreover, based on cross-appellants' response showing that the counterclaims against OneCap Mortgage were subject to the automatic bankruptcy stay as of July 16, 2010, those claims ostensibly have not yet been resolved below. As a result, it appears that no final judgment has been entered. *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416. Accordingly, we lack jurisdiction and

ORDER this appeal DISMISSED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                      Cherry

---

[1]As this appeal and cross-appeal apparently pertain only to the claims by appellant Ascendant Universal Fund I, LLC, not those against Ascendant Universal Fund I, the automatic bankruptcy stay under 11 U.S.C. § 362(a)(1) (2010), does not prevent this jurisdictional disposition.

cc: Hon. Timothy C. Williams, District Judge
Harold P. Gewerter, Esq., Ltd.
Serenata Development Group, LLC
Shadow Ranch Indio, LLC
Bailey Kennedy
Joseph S. Sciscento
Eighth District Court Clerk