IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DITECH FINANCIAL LLC, F/K/A GREEN TREE SERVICING LLC, Appellant, vs. ALLIANT COMMERCIAL LLC, A NEVADA LIMITED LIABILITY COMPANY; AND RJRN HOLDINGS, LLC, Respondents. | No. 80903 <br><br> **FILED** <br><br> OCT 19 2021 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY S. Young <br> DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order under NRCP 41(e), dismissing an HOA foreclosure action without prejudice and denying the counterclaimant's summary judgment motion as moot. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

The underlying suit originated in 2013 when the original plaintiff, Rex Archambault, sued to quiet title to a property he purchased at an HOA foreclosure sale. The prior owner had obtained a mortgage on the property, financed by North American Funding (NAF), which identified Mortgage Electronic Registration System, Inc. (MERS) as beneficiary of the note and deed of trust, solely as nominee for NAF, its successors, and assignees. NAF assigned its interest in the loan to the Federal National Mortgage Association (Fannie Mae), though neither party ever recorded that assignment.[1] Fannie Mae then went into conservatorship of the Federal Housing Finance Agency (FHFA).

---

[1]The parties dispute whether this assignment in fact occurred prior to the HOA foreclosure sale. As noted below, we decline to comment on the merits of their respective arguments.

21-30011

MERS remained the nominee of record until, following Archambault's suit, it transferred its interest to appellant, Ditech Financial LLC. Archambault then quitclaimed his interest to RJRN Holdings, Inc.; RJRN in turn quitclaimed its interest to respondent, Alliant Commercial, LLC. Given these various assignments, the parties stipulated to substitute Alliant as the proper plaintiff, and repeatedly stipulated to extend discovery—five times—from November 12, 2014 to July 5, 2016. These changes necessarily shifted the set trial date from March 3, 2015 to November 21, 2016.

Ditech filed a counterclaim for declaratory relief seeking to invalidate the HOA foreclosure and sale to Archambault, and to quiet title in its own right. Ditech's counterclaims turned on Fannie Mae's alleged ownership of the loan in question at the time of foreclosure. Ditech argued that this, coupled with FHFA's conservatorship, meant that foreclosure on the property, without the consent of the FHFA, was prohibited under 12 U.S.C. § 4617(j)(3) (the Federal Foreclosure Bar). Following the close of discovery in 2016, Ditech moved for summary judgment.[2] The district court denied Ditech's motion, finding that genuine issues of material fact existed as to whether (1) Fannie Mae owned the loan at issue when the HOA foreclosed its lien, and (2) Alliant knew or should have known that Fannie Mae owned the loan at the time of foreclosure, such that Nevada's recording statutes might offer Alliant protection as a bona fide subsequent purchaser. The district court thereafter denied Ditech's motion for reconsideration of this decision.

---

[2]Alliant likewise moved for summary judgment on its claims at this time, which the district court denied in kind. Alliant does not challenge the merits of this decision on appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

At that point, forward motion in the case ceased. The exact reasons for the period of dormancy that followed are not clear. The parties stipulated to stay the matter based on a series of bankruptcy proceedings—one involving a third-party counter-defendant and then another for Ditech itself—and the district court therefore vacated the set trial date. But, even beyond the period in which the case was stayed and the five-year rule consequently tolled, neither party appears to have taken any action on the matter for more than two additional years, from 2016 to 2019. Then, on August 22, 2019, Ditech moved for the district court to reset discovery and to renew its summary judgment motion. Alliant objected and moved to dismiss the entire matter under NRCP 41(e)(2)(B) (the five-year rule), because more than five years had passed since Archambault filed his original suit. The district court granted the motion and dismissed the entire action—Alliant's complaint and Ditech's counterclaims—without prejudice. In its order, the district court denied Ditech's renewed motion for summary judgment as moot. This appeal followed.

The facts laid out above illustrate the degree to which the underlying action has exceeded its shelf life. Particularly in light of this extensive history of delay and lack of meaningful activity, the core issue on appeal is rather straightforwardly resolvable. The five-year rule requires a district court to "dismiss an action for want of prosecution if a plaintiff fails to bring the action to trial within 5 years after the action was filed." This rule applies equally to a plaintiff's claims and a defendant's counterclaims.

*Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank, N.A.*, 133 Nev. 21, 23-24, 388 P.3d 226, 229-30 (2017).[3]

Ditech admits that no party brought the action to literal trial within the relevant period, and instead argues that *United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Industries v. Manson* controls. *See* 105 Nev. 816, 820, 783 P.2d 955, 957 (1989) (holding that a district court's grant of a timely submitted motion for summary judgment constituted bringing the case to trial under NRCP 41(e)(2)(B), even where granted outside of the five-year period). But *Manson* is distinguishable. There, a timely filed motion for summary judgment was actually pending at the expiration of the five-year period, 105 Nev. at 820, 783 P.2d at 957; here, the district court denied the only timely motion for summary judgment (and the related motion for reconsideration), while Ditech filed the pending motion to renew its prior summary judgment motion well outside the five-year deadline. And Ditech does not offer any legal support for extending *Manson* to circumstances such as these. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is an appellant's "responsibility to cogently argue, and present relevant authority, in support of [their] appellate concerns").

---

[3]Ditech urges us to revisit the issue of when the five-year rule starts to run in a case involving assertedly time-barred counterclaims. It does not demonstrate a basis for overcoming stare decisis. *See Harris v. State*, 130 Nev. 435, 441, 329 P.3d 619, 623 (2014) (noting that the doctrine of stare decisis militates against overruling precedent unless the governing decisions prove to be "unworkable or are badly reasoned") (quoting *State v. Lloyd*, 129 Nev. 739, 750, 312 P.3d 467, 474 (2013)).

Our independent research has revealed two cases that support the result for which Ditech contends. *City & County of San Francisco v. Eller Outdoor Advert.*, 237 Cal. Rptr. 815, 820 (Cal. Ct. App. 1987) (examining the merits of a denial of summary judgment following dismissal for failure to prosecute because if "the trial court should have granted full summary judgment . . . the action[ ] . . . would have been 'brought to trial'" for purposes of California's five-year rule); *see Storey v. Shane*, 384 P.2d 379, 382 (Wash. 1963) (holding that a court's ruling on a summary judgment motion "either in denial or granting in whole or in part" is sufficient to bring an action to trial). But holding that a denied motion for summary judgment constitutes "bringing a case to trial" if it appears on a later appeal that summary judgment could and should have been granted, raises policy and prudential issues that the briefs on this appeal do not acknowledge, much less address. An analogous issue came before the court in *John's Insulation, Inc. v. L. Addison & Associates, Inc.*, 156 F.3d 101 (1st Cir. 1998), where a party whose case was dismissed under the two-year non-prosecution provision in Fed. R. Civ. P. 41 sought to reach past the dismissal to revisit an issue it had lost on an interlocutory order, claiming the order harmed the case and led to the non-prosecution dismissal. Reviewing the alternatives available to a litigant in this setting, the court declined to address the interlocutory order and in effect excuse the delay, and the court affirmed the dismissal. The court reasoned that "[i]f a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened." *John's Insulation, Inc.*, 156 F.3d at 105-06 (quoting *Marshall v. Sielaff*, 492 F.2d 917, 919 (3d Cir. 1974) and

collecting cases in accord). Moreover, the court noted that "[i]n affirming a judgment dismissing a complaint for failure to prosecute or to comply with the district court's orders, an appellate court is determining that the plaintiff's lack of diligence in litigation deserved to be sanctioned by having its complaint ejected from the courts, *regardless of the merits of the case.*" *Id.* at 107 (emphasis added).

With these policy considerations weighing on both sides, *see id.* at 105-08 (discussing countervailing policies), and the limited briefing provided, this court could not extend *Manson* without additional briefing by the parties. The dismissal that the district court ordered affects both sides, not just Ditech, and both sides contributed to the multi-year delays. Given the age of this case, further procedural delays to address issues that could and should have been developed earlier and in greater depth are inappropriate. Accordingly, without commenting on the merits of the underlying denial of summary judgment or related arguments on appeal, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Mark R. Denton, District Judge
John Walter Boyer, Settlement Judge
Wolfe & Wyman LLP
Hong & Hong
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A