ST. PAUL FIRE AND MARINE INSUR-
ANCE COMPANY and United States
Fire Insurance Company, Appellants,

v.

HELENA MARINE SERVICE, INC. and
New York Marine Managers,
Inc., Appellees.

Nos. 88–2843, 88–2844.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1989.

Decided Sept. 8, 1989.

Rehearing and Rehearing En Banc
Denied Oct. 20, 1989

Stephen Bingham, Little Rock, Ark., for
U.S. Fire Ins.

Ronald Willenbrock, St. Louis, Mo., for
St. Paul Fire, etc.

Edward F. LeBreton, III, New Orleans,
La., for New York Marine Managers, Inc.

Richard L. Ramsay, Pine Bluff, Ark., for
Helena Marine Services.

Before BEAM, Circuit Judge,
BRIGHT, Senior Circuit Judge, and
HANSON,* Senior District Judge.

* The HONORABLE WILLIAM C. HANSON, Sen-
ior United States District Judge for the Northern
and Southern Districts of Iowa, sitting by desig-
nation.

HANSON, Senior District Judge.

This is an appeal from a judgment entered in favor of appellees and against appellant St. Paul Fire and Marine Insurance Company (St. Paul) and against appellant United States Fire Insurance Company (U.S. Fire). We reverse the judgment of the District Court.

## FACTS

This case first arose as a diversity action filed by appellee Helena Marine Service, Inc. (Helena) against appellants. Helena brought suit claiming entitlement to insurance coverage under comprehensive general liability (CGL) insurance policies issued by appellants to the Union National Bank (Union). Helena sought this coverage after a number of barges it chartered from Union broke from their moorings on the Arkansas river causing extensive damage. The court below found this accident the result of Helena's negligence.

Helena asserts coverage under a provision of the CGL policy St. Paul issued to Union which extends coverage to specified other parties. It is undisputed that if coverage exists under St. Paul's policy, it also exists under U.S. Fire's excess CGL policy. The provision at issue states:

5. If you [Union] operate mobile equipment in your business, such as road construction equipment or fork lifts, then:
* Your employees are protected while they're using mobile equipment on public highways for your work.
* Other persons or organizations are also protected while using mobile equipment registered to you, provided they had your permission. They're not protected, however, if other valid and collectible insurance is available to cover the liability.

The barges which caused the damage are owned by Union. They were immediately leased to Helena after their purchase through a seven year "Bareboat Charter". The charter includes a provision whereby "[a]t the expiration of the charter term, and at the option of the Owner [Union], Charterer [Helena] shall purchase all of the barges then subject to this charter for an amount equal to the then fair market value

of each barge." The charter made Helena responsible for all day-to-day operations of the barges, subject only to Union's right to maintain the barges should Helena fail to do so. Union did retain, through the charter, the right to claim any Investment Tax Credits and depreciation resulting from the purchase and use of the barges. The charter agreement also required Helena to purchase approximately $6 million in primary and excess marine insurance to cover the barges.

After this suit was initiated appellee New York Marine Managers, Inc. (NYMM), one of Helena's insurers, filed a motion to intervene seeking partial indemnification from appellants for money NYMM paid out under its policy with Helena. The District Court allowed this intervention although it resulted in a loss of diversity jurisdiction. The court, believing it retained admiralty jurisdiction, then ruled in favor of Helena and NYMM finding that Helena was covered under Union's CGL and that NYMM was entitled to reimbursement from appellants as co-insurers of Helena. Appellants timely appealed.

Two matters must be addressed by this court—whether the district court had jurisdiction to issue judgment in this case, and if so whether it properly interpreted the insurance policies at issue.

## JURISDICTION

We find appellants' challenge to the district court's asserted admiralty jurisdiction to present a very close question of law. However, we find that we do not need to specifically resolve this issue because of the unique circumstances of this case.

 We can bypass the admiralty jurisdictional issue because if there is no admiralty jurisdiction in this case, then it was reversible error for the district court to allow the intervention of NYMM and its accompanying destruction of diversity jurisdiction. NYMM did not have the right to intervene under Federal Rules of Civil Procedure 24(a) because its interest in this case, establishing that Helena was covered by appellant's CGL policies, was adequate-

ly represented by Helena. Admittedly, if Helena was successful on the merits NYMM would have additional claims which it would want to pursue, but these claims could be pursued in separate litigation without any prejudice caused by the fact that they were not tried in this case. Thus, NYMM's intervention was permissive in nature and allowable through Rule 24(b), rather than 24(a). Accordingly, as 24(b) intervention must be supported by independent jurisdictional grounds, the intervention was improper unless there was admiralty jurisdiction. *Babcock & Wilcox Company v. Parsons Corporation,* 430 F.2d 531, 540 (8th Cir.1970).

■ Thus, jurisdictionally we are left with the proposition that if there is not admiralty jurisdiction present, then it was error for the court to allow the intervention of NYMM. In such a situation it is clear that we have the authority to dismiss a dispensable party whose presence spoils statutory diversity jurisdiction in order to preserve jurisdiction and reach the merits of the case if doing so will not harm any of the remaining parties and will prevent a waste of judicial time and resources. *See Newman–Green, Inc. v. Alfonzo–Larrain,* — U.S. ——, 109 S.Ct. 2218, 2225–2226, 104 L.Ed.2d 893 (1989). This is such a case. Therefore, this court does have jurisdiction, either admiralty or diversity, to determine the issue of whether Helena was a covered party under Union's CGL insurance policies. Because our determination of the merits of this insurance issue negates all other claims before us, it is unnecessary to determine whether we also have jurisdiction to consider NYMM's related claims.

### THE MERITS

The district court found coverage for Helena through Union's CGL policies under the provision stating that "[i]f you [Union] operate mobile equipment in your business, such as road construction equipment or fork lifts, then * * * [o]ther persons or organizations are also protected while us-ing mobile equipment registered to you, provided they had your permission." The court based this determination on its finding that the barges qualified as mobile equipment within the meaning of the CGL policy, and on its finding that the bank operated the barges in its business. The policy contains no definition of mobile equipment or the word operate.

We first address whether Union National Bank operated barges in its business. As there are no disputed facts concerning the extent of Union's involvement in the operation of the barges this inquiry is strictly an issue of law. Neither party has cited any controlling authority regarding the meaning of operate in the context that the phrase reaches us, and the issue appears to be one of first impression.

■ We find that Union did not operate barges in its business as that phrase is used in the insurance contract. The record establishes that Helena and Union had basically entered into a financing arrangement whereby Union financed the barges on behalf of Helena with Helena operating the barges. Union merely owned the barges. Owned does not equal operate. *See generally* Cases collected in 29A *Words and Phrases,* under "Operate" at 392–403 (owner does not operate car unless he drives it himself; operate frequently used by legislatures in active sense such as running a mill or carrying on its business; operate a machine means to work the machine, to regulate and control its management and operation). Thus, we find that to give the phrase "operate in your business" a meaning that can be met merely through ownership would be to stretch the term well beyond its accepted meaning.

■ Appellees argue that as the policy at issue is an insurance contract drafted by appellants all ambiguities must be construed against appellants. Although we agree with this basic tenet of insurance law we do not find it helpful to appellees. Just because the phrase "operate in your business" may be ambiguous in some contexts

**394**

does not give courts the discretion to give the phrase a meaning which is clearly beyond its intended scope. *See El Paso Natural Gas Co. v. Western Bldg. Assoc.*, 675 F.2d 1135, 1141 (10th Cir.1982). Common sense still plays a role in the interpretation of contracts. *Garbincius v. Boston Edison Co.*, 621 F.2d 1171, 1177 (1st Cir.1980). Indeed, appellees' construction would apparently result in a bank being deemed to operate any business or vehicle it finances if it retains title in the financing arrangement. This is simply not what operate means. Accordingly, we find that Helena was not covered by Union's CGL policies.

In addition to arguing that Union did not operate barges in its business, appellants also contend that their policies do not cover Helena because barges do not constitute mobile equipment under the terms of the insurance contract. Our finding that Union did not operate barges in its business negates the need for any further analysis of the insurance contract. Thus, we note only that we do find the assertion that the barges constituted the type of mobile equipment envisioned by the CGL policy to be problematic because of the limiting phrase "such as road construction equipment or fork lifts" found in the policy. The "phrase 'such as' is not a phrase of strict limitation", but it is "a phrase of general similitude". *Donovan v. Anheuser–Busch, Inc.*, 666 F.2d 315, 327 (8th Cir.1981).

Thus, we reverse the judgment of the district court and dismiss all claims against appellants.