994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
CORMIER RICE MILLING COMPANY, INC., Appellant,
v.
RANGER INSURANCE COMPANY, Appellee.
 No. 93-1096.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1993.
Filed: May 21, 1993.
 
 Before McMILLIAN, WOLLMAN, LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cormier Rice Milling Company (Cormier) appeals the district court's[1] entry of judgment for defendant Ranger Insurance Company (Ranger) in this diversity action. We affirm.
 
 
 2
 The parties stipulated the following facts. Cormier purchased from Ranger an insurance policy providing insurance for "Covered Property" at four separate locations, for which Cormier paid an initial premium of $27,850. The final premium was to be determined at the policy year's end based on the average of the values of covered property Cormier reported monthly at all four locations. The policy's "Value Reporting Form" required Cormier to report the values of covered property at each location, and it set out the formula which determined the amount Ranger was required to pay for a loss when there was under-reporting of covered property. The Value Reporting Form specifically provided:
 
 
 3
 a. If your last report of values before loss or damage at any location shows less than the full value of the Covered Property at that location on the report dates, we will not pay a greater proportion of loss than:
 
 
 4
 (1) The values you reported, divided by
 
 
 5
 (2) The value of the Covered Property on the report dates.
 
 
 6
 The parties also stipulated that Cormier suffered a fire loss of $89,814.14 to covered property at Warehouse No. 2, one of the four locations. On the prior month's Report of Values, Cormier had valued its covered property at $675, 009.29 for all four locations, and valued its covered property for Warehouse No. 2 at $34,015.29. The total unreported values for all locations were $169,574.33, and the total unreported values for Warehouse No. 2 were $137,832.53.
 
 
 7
 Ranger calculated the amount to be paid by dividing the reported values of covered property at Warehouse No. 2 by the sum of the reported and unreported values at that location; it paid Cormier $17,788.34. Cormier calculated the amount to be paid by dividing the total reported value of covered property at all four locations by the total of the reported and unreported values of covered property at all four locations; it demanded an additional $53,973.15. When Ranger would not pay the additional demand, Cormier filed suit.
 
 
 8
 The magistrate judge[2] found the language of the Value Reporting Form to be unambiguous, and not susceptible to Cormier's interpretation. He noted that, although the two numbered subparagraphs did not state explicitly that the values referred to were the values at the loss location only, the introductory paragraph "a"-modifying the subparagraphs-referred to the "full value of the Covered Property at that location " (emphasis added). The district court entered judgment for Ranger.
 
 
 9
 On appeal, Cormier argues that the language of the insurance policy is ambiguous, and thus the court must turn to the rules of construction, which favor the insured. Under Arkansas law, an insurance policy term must be susceptible to more than one equally reasonable construction to be ambiguous. See Watts v. Life Insurance Co., 782 S.W.2d 47, 49 (Ark. Ct. App. 1990); St. Paul Fire & Marine Ins. v. Helena Marine Serv., 884 F.2d 391, 393-94 (8th Cir. 1989), cert. denied, 494 U.S. 1004 (1990). If the language is not ambiguous in its plain, ordinary, popular sense, the court need not resort to the rules of construction. See Columbia Mut. Cas. Ins. Co. v. Coger, 811 S.W.2d 345, 346 (Ark. Ct. App. 1991). Reviewing this question of state law de novo, see Salve Regina College v. Russell, 111 S. Ct. 1217, 1221 (1991), we agree with the district court that the contract is unambiguous because Cormier's interpretation of the Value Reporting Form is not equally reasonable.
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The HONORABLE ELSIJANE TRIMBLE ROY, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The HONORABLE JERRY W. CAVANEAU, United States Magistrate Judge for the Eastern District of Arkansas