CONSECO, a Delaware corporation, Conseco Financial Vendor Services, a Delaware corporation, Plaintiffs/Counterclaim Defendants,

v.

WELLS FARGO FINANCIAL LEASING, INC., Defendant/Counterclaimant,

v.

Green Tree Lease Finance II, Inc., a Minnesota corporation; Green Tree Lease Finance 1998–1, LLC, a Delaware limited liability company; Conseco Finance Lease 2000–1, LLC, a Delaware limited liability company; and Conseco, Inc., an Indiana corporation, Additional Counterclaim Defendants.

No. 4:01–CV–70587.

United States District Court,
S.D. Iowa,
Central Division.

April 26, 2002.

Scott L. Long, Brown, Winick, Graves, Gross, Baskerville & Schoenebaum PLC, Des Moines, IA, for Plaintiffs.

Terri L. Combs, Faegre & Benson, Des-Moines, IA, for Defendant.

RULING ON MOTION TO INTER-VENE AND REQUEST TO REA-LIGN PARTIES OF DEFENDANT WELLS FARGO FINANCIAL LEASING, INC. AND PROPOSED INTERVENOR WELLS FARGO FI-NANCIAL BANK

WALTERS, Chief United States Magistrate Judge.

The above-resisted motion is before the Court following hearing (# 4). This case involves two affiliates of the Wells Fargo family of companies and a group of related Conseco companies, and two related contracts entered into by various of the entities, a Credit Card Purchase Agreement ("Credit Card Contract") (including as a part thereof a sub-agreement referred to as an Interim Servicing Agreement ("Servicing Agreement")), and an Asset Purchase Agreement ("Asset Contract"). The Asset Contract had to do with the sale of certain leases to Wells Fargo Financial Leasing, Inc. ("WF Leasing"). The Credit Card Contract concerned the sale of credit card accounts to intervenor Wells Fargo Financial Bank ("WF Bank"). Under the Servicing Agreement, Conseco Finance Servicing Corp. was to continue servicing the credit record accounts for an interim period.

The Complaint filed by plaintiffs Conseco Finance Corp.[1] and Conseco Financial Vendor Services sues WF Leasing for breach of the Asset Contract. The Asset Contract included a $10 million "Reserve Holdback" from the purchase price. The contract allowed WF Leasing to charge unpaid amounts due under the Credit Card Contract to the holdback. Plaintiffs claim WF Leasing wrongfully asserted that certain credit card accounts transferred under the Credit Card Contract had been misclassified and charged $1.9 million to the holdback in breach of the Asset Contract. Conseco Finance was also a party to the Credit Card Contract and the Complaint raises the question of the Conseco parties' performance under that contract.

WF Leasing denies the entire $1.9 million was charged to the holdback. It asserts approximately $1.1 million was charged to the holdback under the terms of the Asset Contract, but that the remaining approximately $800,000 was set-off by WF Bank against amounts owed by it under the Servicing Agreement in the Credit Card Contract. Therefore, as the Wells Fargo companies see it, WF Bank is the only proper defendant with respect to about $800,000 of plaintiffs' claim.

This apportionment between the holdback charge and a set-off by WF Bank was news to plaintiffs. They question it in light of correspondence to Conseco Finance from an in-house attorney for WF Leasing prior to the lawsuit which indicated the entire $1.9 million had been charged to the holdback for the alleged misclassification of credit card accounts, but they recognize the merits of the movants' contentions in this regard and WF Bank's

---

1. The caption of the Complaint describes the first plaintiff as "Conseco," but the identification of the parties in the Complaint makes it clear the plaintiff is Conseco Finance Corp. (Complaint ¶ 2).

proposed claims are not involved in the present motion.

In its answer WF Leasing pleads the apportionment between the holdback charge and the set-off by WF Bank described above. It counterclaims for alleged breaches concerning the leases conveyed under the Asset Contract and has joined as counterclaim defendants the other parties to that contract, Green Tree Lease Finance II, Inc.; Green Tree Lease Finance 1998–1, LLC; and Conseco Finance Lease 2000–1, LLC.

With the Credit Card Contract in issue in the case against WF Leasing, WF Bank wants to intervene to plead the following claims under that contract against the Conseco parties to the contract: (1) against Green Tree Retail Services Bank (Green Tree), Conseco Bank, Inc., and Conseco Finance Corp. (Conseco Finance, one of the two original plaintiffs) for breach of the Credit Card Contract; (2) against the same defendants and Conseco Finance Servicing Corp. (Conseco Servicing) for breach of the Servicing Agreement; (3) against Conseco, Inc. for breach of an indemnity agreement; (4) apparently against all of the contract sellers for breach of a settlement agreement concerning the credit card accounts in issue; and (5) against Green Tree, Conseco Bank, Conseco Finance and Conseco for equitable relief including specific performance of the Credit Card Contract. The background facts pleaded by the Bank suggest that Conseco Finance is principally responsible for the alleged breaches of the Credit Card Contract. The pleading containing these claims is styled "Complaint of Intervenor and Third–Party Plaintiff" and refers to the defendants as "third-party defendants."

WF Bank contends it may intervene of right to file its Complaint or, in the alter-

native, permissively. Fed.R.Civ.P. 24(a), (b). It also asks the Court to realign the parties by captioning the original counterclaim defendants as party plaintiffs.

Plaintiffs resist. This is a diversity jurisdiction case. Plaintiffs argue that because proposed third-party defendant Green Tree Retail Services Bank is a citizen of South Dakota for diversity purposes, as is intervenor WF Bank, the Court would lack independent diversity jurisdiction of the intervenor's Complaint under 28 U.S.C. § 1332(a)(1), and inasmuch as WF Bank expressly seeks intervention as a third-party plaintiff, there is no supplemental jurisdiction under the language of 28 U.S.C. § 1367(b) which precludes supplemental jurisdiction in diversity cases over claims by parties "seeking to intervene as plaintiffs." [2] Plaintiffs further argue WF Bank is not entitled to intervene of right because its sister company, defendant WF Leasing, is represented by the same counsel and has the same interest as WF Bank in the action brought by plaintiff with the result WF Bank cannot show its interests would be inadequately protected by an existing party. Plaintiffs do not argue permissive joinder would be improper under Fed.R.Civ.P. 24(b), but rely on the lack of an independent jurisdictional basis to entertain the intervenor's Complaint. Finally, plaintiffs state there is no basis to tidy up the caption by forcing the original counterclaim defendants to be made plaintiffs.

■ In view of the interrelationship between the Credit Card Contract and Asset Contract and the movants' alleged basis for the charge-back and set-off put in issue by plaintiffs' Complaint, the Court has no difficulty in general with the intervention of WF Bank. Plaintiffs do not appear to dispute that the claims brought, and

---

**2.** There is complete diversity between all of the other parties.

sought to be brought, by and between the parties to these contracts are so connected as to form part of the same case or controversy within the meaning of 28 U.S.C. § 1367(a). The motion to intervene comes at the incipiency of the case. There is no prudential reason to deny it. If all the parties and claims can be joined in one action, they should be joined.

It is appropriate first to categorize the nature of the proposed intervention, though the Court does not believe that in the final analysis the issue has jurisdictional significance. WF Bank's intervention is better seen as permissive, not of right. Putting aside timeliness, which is not a factor, to be entitled to intervene as a matter of right under Rule 24(a), a party must satisfy three elements:

> 1) the party must have a recognized interest in the subject matter of the litigation; 2) that interest must be one that might be impaired by the disposition of the litigation; and 3) the interest must not be adequately protected by the existing parties.

*United States v. Union Elec. Co.*, 64 F.3d 1152, 1160 (8th Cir.1995) (quoting *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 997 (8th Cir.1993)); *see Standard Heating and Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir.1998); *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir.1997); *Sierra Club v. Robertson*, 960 F.2d 83, 85 (8th Cir.1992). Plaintiffs do not dispute that WF Bank has an interest in the subject matter of litigation and that its interest might be impaired by disposition of the litigation, but they argue its interest is adequately protected by WF Leasing, an existing party. Plaintiffs note WF Leasing and WF Bank are "sister" companies wholly owned by a common parent, Wells Fargo Financial, Inc., represented by the same attorneys, and co-participants in the reticulated transactions in issue.

WF Bank responds that it is a separate entity and, because WF Leasing is not a party to the Credit Card Contract, WF Bank cannot obtain a judgment on its own claims unless it is allowed to intervene in its own name.

The relevant interest, however, is not WF Bank's interest in using the litigation between plaintiffs and defendant as a springboard for its own additional claims, but rather, its interest in the "subject matter" of the action between the existing parties. *See St. Paul Fire & Marine Ins. v. Helena Marine Serv.*, 884 F.2d 391, 393 (8th Cir.1989) (representation not inadequate even though intervenor had additional claims it wanted to pursue); Fed. R.Civ.P. 24(a). The focus is on a comparison of the interests of the two Wells Fargo entities in the issues already joined. *Robertson*, 960 F.2d at 86. That interest is identical with respect to the breaches of the Asset Contract and Credit Card Contract and the right to withhold amounts due to the Conseco companies with which the original Complaint, Answer and affirmative defenses are concerned.

It is true that an intervenor's burden on the representation element is ordinarily "minimal." *Chiglo*, 104 F.3d at 187; *Union Elec.*, 64 F.3d at 1168; *Robertson*, 960 F.2d at 86; *see Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). The burden is satisfied if the representation merely "may be" inadequate. *Kansas Pub. Empl. Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 60 F.3d 1304, 1308 (8th Cir.1995). But the requirement is not nonexistent. "[T]here is a presumption of adequate representation when the prospective intervenor's interest is identical to that of an existing party." *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409–10 (8th Cir.1995); *see Clark v. Putnam County*, 168 F.3d 458, 461–62 (11th Cir.1999);

*Curry v. Regents of University of Minnesota,* 167 F.3d 420, 423 (8th Cir.1999). The only claim of inadequacy here is WF Leasing's inability to pursue WF Bank's claims, which as noted is not the relevant interest. In view of the identity of interests between the sister Wells Fargo companies and the subject matter of the existing action, movants have not shown WF Leasing's representation of WF Bank's interest is or may be inadequate.

Under ancillary jurisdiction principles in effect prior to the Judicial Improvements Act of 1990 which brought the supplemental jurisdiction statute into being, jurisdiction over an intervenor's claims depended on the basis for intervention. If the intervention was permissive the claim had to be supported by independent jurisdictional grounds, but not if the intervention was of right. *Babcock & Wilcox Co. v. Parsons Corp.,* 430 F.2d 531, 540 (8th Cir.1970); *see St. Paul Fire & Marine,* 884 F.2d at 393. The 1990 Act codified the case law doctrines of "pendent" and "ancillary" jurisdiction in what is now termed "supplemental jurisdiction." 28 U.S.C. § 1367; *see* David D. Siegel, Practice Commentary—The 1990 Adoption of § 1367, Codifying "Supplemental" Jurisdiction, 28 U.S.C.A. § 1367 at 829 (1993) (hereinafter Siegel, Supplemental Jurisdiction). The district courts are now vested with supplemental jurisdiction over all claims so related to the claims over which the court has original jurisdiction that they form part of the same "case or controversy" under Article III of the Constitution.

There is an exception where the original jurisdiction is based solely on diversity of citizenship under 28 U.S.C. § 1332. "[T]he district courts shall not have supplemental jurisdiction ... over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons ... seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent" with the requirements of diversity jurisdiction. *Id.* § 1367(b).

Only claims by original plaintiffs or those seeking to intervene on the side of an original plaintiff are within the § 1367(b) exception. In this regard the statute enacted the holding in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) that while a federal court may exercise ancillary jurisdiction in a diversity case over the third-party complaint of a defendant against a non-diverse third-party defendant, it may not do so with respect to the plaintiff's claim against the third-party defendant. *Id.* at 375–77, 98 S.Ct. 2396. The plaintiff in *Kroger* was a citizen of Iowa, defendant a citizen of Nebraska, and third-party defendant a corporate citizen of Iowa and Nebraska. *Id.* at 367–69, 98 S.Ct. 2396. The Supreme Court's concern was that if it allowed the Nebraska plaintiff to sue the Nebraska third-party defendant the principle established would allow a plaintiff to "defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants." *Id.* at 374, 98 S.Ct. 2396. Section 1367(b) codifies *Kroger's* application of the legal maxim that a party may not do indirectly what he may not do directly. "Congress' intent [was] to prevent original plaintiffs—but not defendants or third-parties—from circumventing the requirements of diversity." *Viacom Int'l, Inc. v. Kearney,* 212 F.3d 721, 726–27 (2d Cir.), *cert. denied,* 531 U.S. 1051, 121 S.Ct. 655, 148 L.Ed.2d 558 (2000) (citing H.R.Rep. No. 101–734, at 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6865); *see* Dennis F. McLaughlin, *The Federal Supplemental Jurisdiction Statute—A*

*Constitutional and Statutory Analysis,* 24 Ariz.St.L.J. 849, 937 (1992) (hereinafter "McLaughlin"); Siegel, Supplemental Jurisdiction at 832 ("[§ 1367(b) ] is concerned only with efforts of a plaintiff to smuggle in claims that the plaintiff would not otherwise be able to interpose against certain parties in certain specific contexts for want of subject matter jurisdiction").[3]

The reference to "Rule 24" in § 1367(b) includes intervenors of right under subdivision (a) of the rule and permissive intervenors under subdivision (b). As a result, "it is no longer necessary to distinguish between intervention of right and permissive intervention for the purpose of establishing jurisdiction." 6 Moore's Federal Practice 3d § 24.22[2] at 24–83 (citing *Liberty Mut. Group v. Hillman's Sheet Metal & Certified Welding, Inc.,* 168 F.R.D. 90, 92 (D.Me.1996)); *see* McLaughlin at 930.

■ The Eighth Circuit, in a post–1990 Act case not involving supplemental jurisdiction referred in dicta to the independent jurisdiction requirement for permissive intervenors as retaining validity. *Union Elec.,* 64 F.3d at 1170 n. 9. The District of Columbia Circuit in *EEOC v. Nat'l Children's Center, Inc.,* 146 F.3d 1042, 1046–47 (D.C.Cir.1998), did the same when it said that "[p]ermissive intervention . . . has always required an independent basis for jurisdiction." In effect, the requirement for independent jurisdiction remains true with respect to most permissive intervenors under § 1367, but not, as noted, because of an express statutory distinction. It is true with respect to those who intervene as plaintiff—whether of right or permissively—because plaintiff intervenors expressly fall under the exception in § 1367(b). It also remains true for those who intervene as defendants and assert permissive counterclaims. Permissive counterclaims do not arise out of the same transaction or occurrence and therefore are usually not part of the same case or controversy as the original claims, the § 1367(a) threshold requirement for supplemental jurisdiction. *See Oak Park Trust & Sav. Bank v. Therkildsen,* 209 F.3d 648, 650 (7th Cir.2000); Fed.R.Civ.P. 13(a), (b). But independent jurisdiction should no longer be required with respect to those whose intervention as a defendant is permissive only because an existing party would have adequately represented the intervenor's interests, but whose claims are so closely connected with the original action that they satisfy the case or controversy requirement, for example, a compulsory counterclaim.

---

3. *MCI Telecommunications Corp. v. The Logan Group, Inc.,* 848 F.Supp. 86, 88–89 (N.D.Tex.1994), held that "an intervening plaintiff within the terms of section 1367(b) is a party who voluntarily chooses to intervene in an ongoing federal action to assert its own affirmative claims." This broadens the scope of the § 1367(b) exception beyond its language and intent. For reasons stated in the text, the statutory phrase "seeking to intervene as plaintiff [ ]" refers to an intervenor whose intervention would align the intervenor with an original plaintiff. The *MCI* case involved an intervenor who was essentially an interloper, not aligned with either the original plaintiff or defendant, and connected to the original litigation through an assignment of certain accounts receivable for the same type of services involved in the main action. The intervenor had been allowed to intervene permissively to assert separate fraud and breach of contract claims only because its claims had at least one fact issue in common with the main action and there had been no objection to intervention. 848 F.Supp. at 87. It appears from the Court's discussion that supplemental jurisdiction would have been lacking because the intervenor's nondiverse claims were not part of the same case or controversy as the original action so as to satisfy § 1367(a). Moreover, the case is distinguishable on its facts because unlike in *MCI,* intervention by WF Bank would legitimately be as a defendant as it has an interest in joining the defense with its sister company WF Leasing.

■ The requirement of an independent basis for jurisdiction for the claims of permissive intervenors comes not from anything in Rule 24(b), but the principle that the rules of civil procedure cannot be construed to extend or limit federal court jurisdiction. *Nat'l Children's Center*, 146 F.3d at 1046; Fed.R.Civ.P. 82. Section 1367 now defines the rules for a federal court's supplemental jurisdiction over claims by intervenors. In a case founded solely on the court's diversity jurisdiction, the claims of a party who intervenes as a defendant, of right or permissively, are within the court's supplemental jurisdiction if part of the same case or controversy as the claims in the original action.

■ WF Bank does not propose to intervene as a defendant per se, but as a "third-party plaintiff" to assert a separate complaint against the parties to the Credit Card Contract. This invites plaintiffs' argument that WF Bank is expressly intervening as a plaintiff and therefore the Court lacks supplemental jurisdiction. Supplemental jurisdiction does not turn on how an intervenor casts its claims. The actual alignment of the parties' interests controls. *See Development Finance Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 159–60 (3d Cir.1995) (citing *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941)). As stated previously "plaintiff" in § 1367(b) means an original plaintiff or a party intervening on the side of an original plaintiff. Clearly WF Bank is aligned with its sister company, defendant WF Leasing. The Court has supplemental jurisdiction of any claims by WF Bank which are part of the same case or controversy as the original action.

There is, however, no need to waive a jurisdictional red flag by labeling WF Bank as a plaintiff. Typically an interve-

nor joins the case on the side of one of the existing parties. Form 23 in the Appendix of Forms to the Federal Rules of Civil Procedure exemplifies a "Motion to Intervene as a Defendant" accompanied by an "Intervener's[4] Answer." A motion to intervene must be "accompanied by a pleading setting forth the claim or defense for which intervention is sought." Fed. R.Civ.P. 24(c). Though not labeled as such, WF Bank's pleading sounds as a third-party complaint. A "third-party complaint" is a recognized pleading under the rules, but its purpose is to bring an additional party into the action under Fed. R.Civ.P. 14. Fed.R.Civ.P. 7(a). Third-party practice under Rule 14 pertains to actions against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." The proposed third-party complaint here is not an action over for contribution or indemnity. This is not to say that WF Bank would be barred from making claims by a separate complaint if its claims could not be conveniently pigeonholed as a traditional counterclaim, third-party complaint, or cross-claim, but here the main target of WF Bank's claims, Conseco Finance, is a plaintiff. WF Bank ought to be a defendant because it retained part of the money Conseco Finance sues for. Therefore, if WF Bank wants to intervene in this case, the proper means for it to do so is by intervening expressly as a defendant and tendering an answer to the Complaint. This would accomplish the true alignment of the parties.

■ A party, once allowed to intervene, may litigate fully as if it were an original party. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir.1997) (citing 7 C. Wright, A. Miller & M. Kane, *Federal*

---

4. So spelled in the Appendix. "Intervener" and "intervenor" are alternative spellings.

*Practice and Procedure* § 1920 at 488–91 (hereinafter "Wright & Miller.")). A defendant intervenor may, therefore, state a counterclaim against a plaintiff and must do so if the counterclaim is compulsory as the proposed claims against plaintiff Conseco Finance would appear to be. Fed. R.Civ.P. 13(a). The intervenor may also bring in additional parties to the counterclaim as allowed by Fed.R.Civ.P. 13(h), 20. As long as the counterclaims are so related to the original claims between plaintiffs and defendant that they form part of the same case or controversy, and by definition compulsory counterclaims will normally meet the requirement, the court may exercise supplemental jurisdiction, even as to non-diverse counterdefendants. *See Therkildsen,* 209 F.3d at 651; *Development Fin. Corp.,* 54 F.3d at 160; *In re Texas Eastern Transmission Corp. PCB Contamination Litigation,* 15 F.3d 1230, 1237–38 (3d Cir.1994); *see also* Wright & Miller § 1921 at 500 ("that a counterclaim is so closely related to the original action that it falls within Rule 13(a) is a strong argument for allowing a permissive intervenor to assert it.").

The propriety of the third-party complaint procedure chosen by WF Bank to intervene was discussed at the motion hearing. Movants did not appear to be concerned about the means by which WF Bank was permitted to intervene. After giving further thought to the matter the Court has concluded any intervention by WF Bank should expressly be as a defendant. The Court is reluctant to simply consider the present motion as a motion to intervene as a defendant. The proposed third-party complaint cannot be treated as an answer and counterclaim because it does not respond to the allegations of the Complaint. Accordingly, the pending motion will be denied without prejudice to a seasonable motion by movants to allow WF Bank to intervene as a defendant in the manner indicated. Plaintiffs may respond further as provided in the local rules and the Court will then make a final decision on WF Bank's intervention.

The request to realign the parties is denied. The parties will be aligned in the caption according to their place in the pleadings. If realignment and adjustments to the order of proof will promote a clearer presentation of the case these issues can be resolved in the final pretrial process.

The disposition of the present motion avoids the need to address movants' argument that WF Bank is an indispensable party.[5]

---

5. Looking ahead, the parties discussed at hearing the question whether the non-diverse potential counterclaim defendant, Green Tree Retail Services Bank, could file a counterclaim to the counterclaim. It is not necessary to go into detail, but potentially a claim by Green Tree could be viewed as an "upsloping claim," that is, a de facto plaintiff's claim against an intervenor within the meaning of § 1367(b), arguably beyond the court's supplemental jurisdiction under the analysis in *Viacom Int'l,* 212 F.3d at 727. There is a legitimate question here but despite the parties' understandable desire to put all jurisdictional issues to bed (and they are never really completely to bed until after appeal) the Court is not in a position to answer the question at this juncture. The Court notes only the upsloping claim by Green Tree would potentially be precluded under the reasoning of *Viacom* and the language of § 1367(b). The Court would still have original or supplemental jurisdiction over all other claims between the parties.

Though complicating the portals to federal court probably does not have much weight among the many factors which guide corporate management, as a final aside it bears mention that the decentralization of corporate structures prevalent these days invites the type of jurisdictional Gordian knot which has bedeviled both sides in this case.

Motion denied without prejudice subject to the foregoing discussion.

IT IS SO ORDERED.