SHANGHAI MEIHAO ELECTRIC,
INC., Plaintiff,

v.

LEVITON MANUFACTURING
CO., INC., Defendant.

Civ. No. AMD 03–2137.

United States District Court,
D. Maryland.

July 30, 2004.

Gary M. Hnath, William D. Coston, Venable Baetjer Howard and Civiletti LLP, Fei Fei Chao, Lawrence B. Bernard, Peter James Curtin, Venable LLP, Washington, DC, for Plaintiff.

Steven Edward Tiller, Whiteford Taylor and Preston LLP, Baltimore, MD, Barry George Magidoff, Brad S. Needleman, Joseph G. Lee, Joseph M. Manak, Michael A. Nicodema, Paul J. Sutton, Greenberg Traurig LLP, New York City, for Defendant.

## ORDER

DAVIS, District Judge.

Plaintiff Shanghai Meihao Electric, Inc., a corporation of the People's Republic of China, instituted this declaratory judgment action on July 23, 2003, seeking a declaration that its ground-fault circuit interrupter ("GFCI") products do not infringe one or more of six patents held by defendant Leviton Manufacturing Co., Incorporated. The immediate impetus for the suit was Leviton's institution of an infringement action in this court against one of plaintiff's United States distributors, USI Electric, Incorporated. By order entered on July 25, 2004, I formally consolidated those two actions for purposes of discovery, consistent with an earlier oral order announced in January 2004, and as agreed by the parties. Discovery has proceeded apace pursuant to an agreed case management order entered on October 3, 2003.

On May 21, 2004, another corporation of the People's Republic of China that manufactures competing GFCIs, Zhejiang Dongzheng Electrical Co., Ltd. ("movant"), filed a motion pursuant to Fed.R.Civ.P. 24(b) for

permissive intervention. Leviton has opposed the motion to intervene and, indeed, has filed a cross-motion to transfer the complaint in intervention tendered by movant to the United States District Court for the District of New Mexico. The briefing on the motions is complete and no hearing is necessary. For the within reasons, the motions shall be denied.

The record shows that Leviton is pursuing a vigorous nationwide litigation strategy to protect its property rights in respect to a series of patents covering GFCI inventions that have achieved significant commercial success. Like plaintiff here, movant distributes its competing GFCI products through United States distributors. One of its distributors is Nicor, Incorporated. On or about April 16, 2004, Leviton, as a part of its campaign of litigation, sued Nicor, Inc., for patent infringement in the United States District Court for the District of New Mexico. Movant learned of the action and has apparently decided, for reasons not entirely clear in the record, to seek intervention in this case rather than in the New Mexico litigation.

■ Rule 24(b) provides as follows:

**Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The discretionary standards for permissive intervention are well settled under Rule 24(b)(2). Generally, where, as here, a movant seeks permissive intervention as a plaintiff, the movant must satisfy the following four criteria, which are required either by the text of Rule 24(b) itself or by case law interpreting the rule: (1) that its motion is "timely," *id., and see Spring Construction Co. v. Harris,* 614 F.2d 374, 377 (4th Cir. 1980); (2) that its "claim or defense and the main action have a question of law or fact in common," as required by Rule 24(b); (3) that there exists an independent ground of subject matter jurisdiction, *see Conseco v. Wells Fargo Financial Leasing, Inc.,* 204 F.Supp.2d 1186, 1192 (S.D.Iowa 2002)(harmonizing case law); and, (4) that "intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties," as directed in the rule. *Cf. Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 351 n. 4, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) (noting that "permissive intervention under Fed. Rule Civ. Proc. 24(b) may be denied in the discretion of the District Court"), *cited with approval in Shaw v. Hunt,* 154 F.3d 161, 168 (4th Cir.1998); *and see Haworth, Inc. v. Steelcase, Inc.,* 12 F.3d 1090, 1092 (Fed.Cir.1993)(" When reviewing a procedural matter not unique to patent law, the Federal Circuit follows the law of the appropriate regional circuit.")(affirming district court's denial of motion to intervene in patent case).

■ In the case at bar, movant has satisfied elements (1) and (3) but has failed to satisfy elements (2) and (4). First, I agree with Leviton that in patent litigation, in determining whether a movant's "claim or defense and the main action have a question of law or fact in common," the better approach is to focus on the *claims* of the patents in suit rather than on a generalized concept of *patent enforceability.* Leviton has persuasively argued that the sole claim in the sole patent (of the six patents otherwise at issue in this case) that could give rise to an infringement claim against movant (or its supplier, Nicor, Inc.) is not at issue in this case. Thus, I agree that the "commonality" requirement is insufficiently established.

Consequently, and relatedly, as to element (4), movant has not demonstrated that "intervention will [not] unduly delay or prejudice

the adjudication of the rights of the original parties." Discovery is well along in this case. If Leviton is required to seek discovery and prepare a defense to a claim that has not heretofore been at issue, it will suffer measurable prejudice. Accordingly, there is good reason to deny the motion to intervene.

Finally, an additional consideration militates against permissive intervention here. Movant has engaged, quite transparently, in forum shopping. Forum shopping is not a sin; it is to be expected and permitted when it is not abusive of another's rights. Nevertheless, there is no good reason apparent to this court why movant should not intervene in the pending action in the District of New Mexico, where Leviton had earlier brought suit against movant's distributor for infringement. Movant candidly admits that that action has been stayed pending the resolution of its motion to intervene here. This seems to be exactly backwards. Were I to grant the motion to intervene, one would expect that in the New Mexico action, there would promptly be filed a motion to transfer that action here, which, under the circumstances, would almost certainly be granted. In effect, then, the motion to intervene would become a "back door" effort to deprive Leviton of its choice of forum in connection with the sole patent claim which is at issue in the New Mexico litigation.

As for Leviton's cross motion to transfer, it is true, as Leviton contends, that a district court has discretion to treat a complaint in intervention as a new action. *Atkins v. State Board of Education,* 418 F.2d 874 (4th Cir.1969). In the view that I take of the motion to intervene, however, I can perceive no good reason to do so here. The record discloses that since movant first sought intervention, Leviton has filed suit in at least three other federal courts against others of movant's United States distributors. Just as Leviton is entitled to have its choice of forum respected in the absence of a compelling reason not to do so, so, too, should movant be free to choose its forum (for a declaratory judgment action against Leviton) without the threat of a peremptory decision by this court as to the venue of such an action.

Accordingly, for all these reasons, it is this 30th day of July, 2004, by the United States District Court for the District of Maryland, ORDERED

That the motion to intervene and the motion to transfer are DENIED.