MARILYN MONROE, INDIVIDUALLY AND AS NATURAL MOTHER AND GUARDIAN AD LITEM OF JAMES MONROE, A MINOR, APPELLANT, *v.* COLUMBIA SUNRISE HOSPITAL AND MEDICAL CENTER; SUNRISE CHILDREN'S HOSPITAL, FMA SUNRISE HOSPITAL AND MEDICAL CENTER AND SUNRISE CHILDREN'S HOSPITAL, A WHOLLY OWNED SUBSIDIARY OF COLUMBIA/HCA HEALTHCARE CORPORATION, RESPONDENTS.

No. 44326

May 17, 2007                                    158 P.3d 1008

[Rehearing denied July 19, 2007]

*Althea Gilkey*, Las Vegas, for Appellant.

*Hall, Prangle & Schoonveld, LLC*, and *Michael T. Koptik, Michael E. Prangle* and *Kenneth M. Webster*, Las Vegas, for Respondent Sunrise Hospital and Medical Center.

Before GIBBONS, DOUGLAS and CHERRY, JJ.

## OPINION

By the Court, DOUGLAS, J.:

Appellant Marilyn Monroe (Monroe) brought a medical malpractice suit against respondent Sunrise Hospital and Medical Center (Sunrise Hospital) and several other caregivers on behalf of herself and her son, James Monroe (James), in connection with James' birth and delivery. Before the five-year NRCP 41(e) time limit expired, the district court granted Sunrise Hospital's motions for summary judgment against Monroe individually and for partial summary judgment against James. Several years later, the district court dismissed the entire suit under NRCP 41(e). Because the district court's grant of summary judgment resolved all claims between Monroe and Sunrise Hospital, we conclude that dismissal of Monroe's individual suit under NRCP 41(e) was error.[1]

### FACTS

Monroe gave birth to her son James via caesarean section at Sunrise Hospital on May 31, 1995. James was premature and experienced multiple complications within hours of his birth. Although Monroe made numerous visits to Sunrise Hospital for a va-

---

[1]We note that because the complaint in this action was filed before October 1, 2002, it is not subject to the time limits for bringing a medical malpractice case to trial under NRS 41A.061.

riety of complaints during the months preceding delivery, neither her doctors nor staff members at Sunrise Hospital took aggressive treatment action during any of these visits. By the time of his discharge from the hospital, James exhibited symptoms of neurological damage, which persist to this day.

On August 3, 1998, Monroe, individually and as James' natural parent and guardian ad litem, filed a medical malpractice action against Sunrise Hospital and other individuals not party to this appeal. In March of 2003, Sunrise Hospital filed a motion for summary judgment on all of Monroe's individual claims, arguing that she had failed to show any personal injury. Sunrise Hospital also filed a motion for partial summary judgment as to James' claims based on ''prenatal negligence.'' The district court granted both motions.

Monroe subsequently filed an appeal and a writ petition in this court, challenging the summary judgment rulings. In April of 2004, this court granted Monroe's writ petition and instructed the district court to vacate its summary judgment orders and allow Monroe to amend the complaint to include claims for loss of chance and negligent infliction of emotional distress.

After this court entered a notice in lieu of remittitur, Monroe amended the complaint. On October 14, 2004, Sunrise Hospital filed a motion to dismiss under NRCP 41(e), asserting that Monroe failed to bring the case to trial within the five-year time limit. The district court granted the motion, dismissing all claims against Sunrise Hospital with prejudice.

## DISCUSSION

In this appeal, we consider whether the district court erred in dismissing Monroe's and James' claims under NRCP 41(e) after it granted Sunrise Hospital's motions for summary judgment and partial summary judgment within NRCP 41(e)'s five-year time limit. We also briefly address Monroe's claims that the original writ proceeding in this court constituted an appeal under NRCP 41(e), providing her a three-year extension in which to bring her case to trial, and that the district court erred in dismissing the case with prejudice. Because application of NRCP 41(e) is an issue of law, we review Monroe's claims, related to NRCP 41(e)'s application, de novo.[2]

*The relationship between summary judgment and the time limit in NRCP 41(e)*

Under NRCP 41(e), any action not brought to trial within five years ''shall be dismissed.'' Dismissal is mandatory; NRCP 41(e)

---

[2]*See McDonald v. D.P. Alexander*, 121 Nev. 812, 815-16, 123 P.3d 748, 750 (2005).

does not allow for examination of the equities of dismissal or protection of a plaintiff who is the victim of unfortunate circumstances.[3] Rather, we have recognized that it is incumbent upon the plaintiff to act diligently and "carefully track the crucial procedural dates and to actively advance the case at all stages."[4]

For NRCP 41(e) purposes, this court has defined "trial" as " 'the examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by the pleadings, for the purpose of determining the rights of the parties.' "[5] Applying that definition, we have previously concluded that the proceedings leading to a complete grant of summary judgment constitute a trial under NRCP 41(e).[6] In particular, this court has observed that to grant a summary judgment motion, a court must first determine that no triable issues of fact exist and then apply existing law to determine the rights of the parties and that fits our definition of a "trial" for purposes of NRCP 41(e).[7] Conversely, the proceedings leading to the denial of a summary judgment motion do not constitute a trial, as a denial of the motion merely establishes that issues of fact remain for trial and does not apply the law to determine the rights of the parties.[8] Similarly, in *Allyn v. McDonald*, we recently determined that when a district court partially grants a motion to dismiss, the plaintiff's opposition to the motion does not qualify as bringing the action to trial under NRCP 41(e).[9] We noted that "NRCP 41(e) requires that the 'action'—not just an issue—be brought to trial within the [time period]."[10] Thus, when a district court ruling does not resolve the entire action between two parties, the plaintiff must continue to advance the remaining claims to avoid the "strict penalty" of NRCP 41(e).[11]

---

[3]*Allyn v. McDonald*, 117 Nev. 907, 911-12, 34 P.3d 584, 587 (2001).

[4]*Id.* at 912, 34 P.3d at 587.

[5]*United Ass'n of Journeymen v. Manson*, 105 Nev. 816, 819-20, 783 P.2d 955, 957 (1989) (quoting *Bella Vista Development Co. v. Superior Court*, 36 Cal. Rptr. 106, 109 (Ct. App. 1963)).

[6]*Id.* at 820, 783 P.2d at 957.

[7]*Id.*

[8]*Id.*

[9]117 Nev. at 910-11, 34 P.3d at 586.

[10]*Id.* at 910, 34 P.3d at 586.

[11]*Id.* Our decision also comported with several California decisions holding that "where a complaint tenders more than one distinct ground for judgment, summary judgment as to one issue does not prevent the plaintiff from bringing the rest of the action to trial within the mandatory period." *Id.* at 910, 34 P.3d at 586 (citing *King v. State*, 89 Cal. Rptr. 715, 717-18 (Ct. App. 1970); *Lemaire, Faunce & Katznelson v. Cox*, 217 Cal. Rptr. 281, 283 (Ct. App. 1985)).

Based on this framework, we conclude that the district court's summary judgment rulings constituted a "trial" of the action between Monroe and Sunrise Hospital but did not constitute a trial of the action between James and Sunrise Hospital. Sunrise Hospital filed two summary judgment motions: one directed at all of Monroe's claims, and one directed at some of the claims brought on James' behalf. Thus, when the district court granted the motion for complete summary judgment against Monroe, it resolved all claims between Monroe and Sunrise Hospital, the equivalency of Monroe having brought her action to trial. Whereas the order granting partial summary judgment did not lead to conclusion of the entire action between James and Sunrise Hospital, our previous holding in *Allyn* sustains that James did not successfully bring his action to trial within the NRCP 41(e) five-year time period.

In so holding, we reject Sunrise Hospital's contention that an action has been brought to trial only if the court resolved all claims between all parties. We recognize that in *United Ass'n of Journeymen v. Manson*, this court stated that under NRCP 41(e), "an 'action' includes the original claim and any crossclaims, counterclaims, and third-party claims."[12] Using this definition, we determined that the time defendants had to bring a third-party indemnification claim to trial under NRCP 41(e) was properly measured from the date the original plaintiff commenced the action against the defendants, not the date defendants commenced the third-party claim.[13]

However, we additionally concluded in *Manson* that when the district court granted the plaintiff's motion for summary judgment against the defendants, the plaintiff successfully brought her action to trial under NRCP 41(e), even though the defendants still had outstanding third-party claims.[14] This conclusion implicitly endorses our holding today that when an action includes multiple plaintiffs, that action may be brought to trial between a single plaintiff and defendant for the purposes of NRCP 41(e), so long as the disposition completely resolves all claims between those two parties. While we acknowledge that the purpose of NRCP 41(e) is to ensure that plaintiffs act diligently to bring their cases to trial, to hold that a plaintiff who successfully resolves the entirety of her claims against an opposing party is responsible for the conduct of other parties transcends the bounds of public policy and fairness. Therefore, we conclude that the district court's grant of complete

---

[12]105 Nev. at 820, 783 P.2d at 957.

[13]*Id.* at 821, 783 P.2d at 958.

[14]*Id.* at 819, 783 P.2d at 956-57.

summary judgment with respect to Monroe's claims constituted a trial of her action under NRCP 41(e).[15]

## Appeal extension under NRCP 41(e)

In addition to the general five-year limitation, NRCP 41(e) also provides that when ''an appeal has been taken and judgment reversed with cause remanded for a new trial,'' the plaintiff must bring her case to trial within three years of the date remittitur is filed. While the language of this provision refers only to new trials, our jurisprudence indicates that reversal of a summary judgment order on appeal also creates a new three-year time limit to bring the action to trial.[16]

We reject Monroe's contention that this court's grant of mandamus falls within the ''appeal extension'' of NRCP 41(e), allowing her an additional three years to bring her case to trial. The plain language of NRCP 41(e) indicates that this three-year extension applies only to appeals following judgments, after this court issues the remittitur. A California court has concluded that a similar provision was ''clearly inapplicable'' to situations where a higher court issues a writ of mandate.[17] We agree with that conclusion. Here, no appeal was taken, and this court did not issue a remittitur, it issued a writ of mandamus and a notice in lieu of remittitur. Under the plain language of NRCP 41(e), Monroe was not entitled to an additional three years to bring her case to trial after we granted her petition for a writ of mandamus.

## Dismissal with prejudice

Finally, Monroe contends that the district court erred in dismissing James' claims with prejudice, because the statute of limitations had not yet expired for those claims. We disagree. A district court has broad, but not unbridled, discretion in determining

---

[15]We reject Sunrise Hospital's claims that the eventual vacation of the district court's summary judgment order indicates that a trial did not actually occur, and that *Manson* is inapplicable because the summary judgment motion was brought by a defendant, not a plaintiff. Regardless of who made the motion, or the eventual outcome of the mandamus proceedings, the district court engaged in conduct that this court defines as a trial: it determined that no issues of fact existed and applied existing law to determine the rights of Monroe and Sunrise Hospital.

[16]*Bell & Gosset Co. v. Oak Grove Investors*, 108 Nev. 958, 961, 843 P.2d 351, 353 (1992) (citing *Massey v. Sunrise Hospital*, 102 Nev. 367, 370, 724 P.2d 208, 210 (1986)).

[17]*Daum v. Yuba Plaza, Inc.*, 89 Cal. Rptr. 458, 462 (Ct. App. 1970); *see also Manson*, 105 Nev. at 819 n.2, 783 P.2d at 955 n.2 (noting that ''NRCP 41(e) . . . is virtually the same as the former 1943 NCL § 9932 which was adopted from California Code of Civil Procedure § 583 in 1943.'').

whether dismissal under NRCP 41(e) should be with or without prejudice.[18] Factors relevant to the district court's exercise of that discretion include the underlying conduct of the parties, whether the plaintiff offers adequate excuse for the delay, whether the plaintiff's case lacks merit,[19] and whether any subsequent action following dismissal would not be barred by the applicable statute of limitations.[20]

NRS 41A.097(1) provides that the statute of limitations for an action alleging injury caused by a health-care provider before October 1, 2002, is four years from the date of injury, or two years from the date the plaintiff discovers or should have discovered the injury, whichever occurs first. In general, a parent is responsible for determining whether to bring a medical malpractice claim on her child's behalf, and infancy is not a disability that prevents running of the statute of limitations for medical malpractice actions.[21] However, NRS 41A.097(4) further provides for a limited exception to that general rule that if an action is not otherwise commenced, the statute of limitations for children with brain injuries or birth defects is extended to the time that the child is ten years old:

> If the parent, guardian or custodian fails to commence an action on behalf of that child within the prescribed period of limitations, the child may not bring an action based on the same alleged injury against any provider of health care upon the removal of his disability, except that in the case of:
>
> (a) Brain damage or birth defect, the period of limitation is extended until the child attains 10 years of age.

Monroe relies on that provision to argue that James could have commenced an action against Sunrise Hospital until his tenth birthday on May 31, 2005. We reject this argument. The plain language of NRS 41A.097(4) indicates that the ten-year statute of limitations only applies when a "parent, guardian or custodian fails to commence an action on behalf of [the] child within the prescribed period of limitations." Here, Monroe initiated an action on James' behalf within the general four-year limitation period for medical malpractice claims. Thus, the ten-year extension in NRS 41A.097(4) does not apply. Accordingly, we conclude that at the time the district court dismissed James' claims, the statute of lim-

---

[18]*See Manson*, 105 Nev. at 821, 783 P.2d at 958.

[19]*Home Sav. Ass'n v. Aetna Cas. & Surety*, 109 Nev. 558, 563, 854 P.2d 851, 854 (1993).

[20]*See id.* at 565-66, 854 P.2d at 855-56 (indicating that dismissal with prejudice may be appropriate when the applicable statute of limitations would preclude a subsequent action following dismissal, but ultimately finding that the statute of limitations would not preclude subsequent action in particular case).

[21]NRS 41A.097(4); *cf.* NRS 11.250 (providing that minority is a disability that prevents running of statute of limitations in other actions).

itations had expired for his claims against Sunrise Hospital and therefore, James' claims could not be pursued in a subsequent action following dismissal.[22] Therefore, we conclude that the district court did not abuse its discretion in dismissing James' action against Sunrise Hospital with prejudice.

## CONCLUSION

Because the district court's order of summary judgment constituted a trial of the entire action between Monroe and Sunrise Hospital, we reverse that portion of the district court's order dismissing Monroe's individual claims against Sunrise Hospital. We affirm that portion of the district court's order dismissing James' claims against Sunrise Hospital with prejudice, as the prior order granting partial summary judgment did not constitute a ''trial'' under NRCP 41(e), and the statute of limitations for his claims had expired. We remand this matter to the district court for proceedings consistent with this opinion.[23]

GIBBONS and CHERRY, JJ., concur.

[22]We reject Monroe's contention that any ''new claims'' she added to her complaint regarding James' postnatal care at Sunrise Children's Hospital were brought after the general medical malpractice limitation period expired. Pursuant to NRCP 15(c), any claims James brought against Sunrise Hospital or its subsidiaries stemming from his birth and postnatal care would relate back to the date of his original complaint. We also reject Monroe's argument that the statute of limitations was extended due to Sunrise Hospital's ''knowing concealment'' of negligence related to James' postnatal care, as she provided no credible evidence to support this contention.

[23]We have also reviewed Monroe's remaining claims on appeal and conclude that they lack merit.