An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JEFFREY CHARLES,<br>Appellant,<br>vs.<br>QUALITY GRADING & PAVING, INC.;<br>LANCE MCDADE; AND KELLY<br>MCDADE,<br>Respondents. | No. 63297 |
| JEFFREY B. CHARLES,<br>Appellant,<br>vs.<br>QUALITY GRADING & PAVING, INC.,<br>A NEVADA CORPORATION,<br>Respondent. | No. 63971 |

FILED

APR 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated pro se appeals from district court orders dismissing an action pursuant to NRCP 41(e) and awarding attorney fees and costs. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant challenges the district court's dismissal of his action for failure to bring it to trial within five years. *See* NRCP 41(e). Having reviewed appellant's pro se opening brief and the record on appeal, we perceive no error in the district court's dismissal of the action as appellant's complaint was filed on December 19, 2006, and therefore more than five years had passed when the district court dismissed the action on May 8, 2013. Although appellant argues that (1) the time to bring his case to trial should have been tolled while his appeal to this court, which was ultimately dismissed for lack of jurisdiction, was pending; (2) he should have three years to bring the case to trial from the date that his appeal was resolved by this court; and (3) he effectively brought the case to trial

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11588

based on a summary judgment granted in favor of some of the defendants, we conclude that these arguments lack merit. *See* NRCP 41(e) (providing that when an appeal is taken, and the judgment is reversed on appeal and remanded for a new trial, the district court must dismiss the action if not brought to trial within 3 years); *see also Monroe v. Columbia Sunrise Hosp. & Med. Ctr.*, 123 Nev. 96, 99-101, 158 P.3d 1008, 1010-11 (2007) (stating that NRCP 41(e) dismissal is mandatory and a summary judgment qualifies as bringing a case to trial only if the summary judgment ruling resolved the entire action as to the parties to the motion, and the plaintiff must continue to advance any unresolved claims to avoid the five-year rule); *Morgan v. Las Vegas Sands, Inc.*, 118 Nev. 315, 320, 43 P.3d 1036, 1039 (2002) (recognizing that an action in the court-annexed arbitration program could not have proceeded to trial until arbitration concluded, but rejecting the argument that the time to bring a case to trial was tolled as a result); *Allyn v. McDonald*, 117 Nev. 907, 912, 34 P.3d 584, 587 (2001) ("Except in very limited circumstances, we uphold NRCP 41(e) dismissals without regard to the plaintiff's reasons for allowing the mandatory period to lapse."); *Great W. Land & Cattle Corp v. Sixth Judicial Dist. Court*, 86 Nev. 282, 285, 467 P.2d 1019, 1021 (1970) ("Rule 41, as written and construed, does not contemplate an examination of the equities. Any other construction would destroy the mandatory 5-year dismissal rule and make the determination a matter of trial court discretion."). We therefore affirm the district court's dismissal of appellant's action.

Appellant also challenges the district court's award of attorney fees and costs to respondents Lance and Kelly McDade and the handling of respondent Quality Grading & Paving, Inc.'s claims against appellant,

which were initially filed in Henderson Justice Court. Having reviewed appellant's arguments and the record on appeal, we conclude that the district court did not abuse its discretion in awarding attorney fees and costs to the McDades. *See Gunderson v. D.R. Horton, Inc.*, 130 Nev. \_\_\_, \_\_\_, 319 P.3d 606, 615 (2014) (stating that this court generally reviews the district court's decision regarding attorney fees for an abuse of discretion). And while appellant argues that Quality Grading did not file a proper counterclaim against him in the district court, the record shows that the Henderson Justice Court action was transferred to the district court and was consolidated with appellant's action. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. James Crockett, District Judge
Jeffrey Charles
Shawn L. Morris, Ltd.
Eighth District Court Clerk