An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KENNETH B. KOCHANSKI, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>DAKOTA TECH, LLC, A LIMITED LIABILITY COMPANY; DEARBORN INVESTMENT, INC., A NEVADA CORPORATION; AND DAVID ELKINS, AN INDIVIDUAL,<br>Respondents. | No. 64412<br><br>FILED<br><br>MAY 20 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |



## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a breach of contract and fraud action under NRCP 41(e). Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant filed the complaint in this action in November 2007. In April 2009, appellant filed for entries of default against respondent Dakota Tech, LLC and respondent David Elkins. No entry of default was made against respondent Dearborn Investment, Inc. In December 2012, appellant sought a default judgment against respondents. The district court denied appellant's request and instead dismissed appellant's action under NRCP 41(e) with prejudice, finding that more than five years had passed since the action was filed and that due to appellant's lack of diligence it had not been brought to trial.

Appellant first argues that NRCP 41(e) does not apply because the case could not have been brought to trial due to respondents' failure to

15-15432

defend the action.[1] We disagree, and conclude that NRCP 41(e) was applicable. This court reviews issues regarding the interpretation of Nevada's Rules of Civil Procedure de novo. *Vanguard Piping v. Eighth Judicial Dist. Court*, 129 Nev. Adv. Op. No. 63, 309 P.3d 1017, 1020 (2013). "If a statute is clear and unambiguous, we give effect to the plain meaning of the words, without resort to the rules of construction." *Id.* The language of NRCP 41(e) is clear that *any action* is subject to the rule's time limitations. NRCP 41(e) ("Any action heretofore or hereafter commenced shall be dismissed by the court . . . unless such action is brought to trial within 5 years after the plaintiff has filed the action . . . ."); *see Thran v. First Judicial Dist. Court In & For Ormsby Cnty.*, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963) (providing that NRCP 41(e) is clear and unambiguous and requires no construction other than its own language). Thus, we conclude that the district court did not err when it determined that NRCP 41(e) applied to this case.[2]

---

[1]Appellant's argument is essentially that under the NRCPs and EDCRs, holding a trial depends on setting a trial date, which in turn depends on a scheduling order, and such order cannot be entered until after a case conference or scheduling conference is held, but neither of these conferences occurs if the defendant does not answer the complaint. Thus, appellant contends, if the defendant does not answer the complaint, no trial is possible.

[2]Even if it is impossible to bring an action to trial when the defendant does not answer the complaint, it does not follow that NRCP 41(e) does not apply to such a case. In such a circumstance, the plaintiff would have a minimum of nearly two years, and up to nearly five years, to seek a default judgment and thus fully resolve the case in its favor before the claims would be dismissed for want of prosecution under NRCP 41(e).

Alternatively, appellant argues that if NRCP 41(e) does apply, obtaining an entry of default constitutes bringing the action to trial for the purposes of NRCP 41(e).[3] We disagree. For NRCP 41(e) purposes, a "trial" is "the examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by the pleadings, for the purpose of determining the rights of the parties." *Monroe v. Columbia Sunrise Hosp. & Med. Ctr.*, 123 Nev. 96, 100, 158 P.3d 1008, 1010 (2007) (internal quotation marks omitted). When a district court ruling does not resolve the entire action between two parties, such proceedings do not bring the action to trial, and the plaintiff must continue to advance the remaining claims to avoid the "strict penalty" of NRCP 41(e). *Monroe*, 123 Nev. at 100, 158 P.3d at 1010-11 (providing that proceedings leading to a complete grant of summary judgment constitute trial under NRCP 41(e), but proceedings leading to denial of summary judgment do not); *Allyn v. McDonald*, 117 Nev. 907, 910, 34 P.3d 584, 586 (2001) (establishing that proceedings leading to a district court's ruling disposing of one issue and not resolving the entire action did not bring the case to trial under NRCP 41(e)). When a clerk of court enters a party's default, the default does not resolve all issues in the case. *Estate of Lomastro ex rel. Lomastro v. Am. Family Ins. Grp.*, 124 Nev. 1060, 1068, 195 P.3d 339, 345 (2008) (providing that while entry of default generally resolves the issues of liability and causation, it leaves open the extent of damages); *compare* NRCP 55(a) (providing when the clerk of court shall enter a party's default), *with* NRCP 55(b) (addressing the procedure for

---

[3]Although appellant appears to make this argument regarding all three respondents, the argument cannot apply to Dearborn Investments as no default was ever entered against this party.

obtaining a judgment by default). Thus, because an entry of default does not resolve the entire action, when appellant obtained an entry of default against Dakota Tech and David Elkins, appellant had not brought the action to trial, and dismissal was appropriate under NRCP 41(e).

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Jessie Elizabeth Walsh, District Judge
John Walter Boyer, Settlement Judge
SmithMonson LLC
Prestige Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A