133 Nev., Advance Opinion 3

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 2021 GRAY EAGLE WAY,
Appellant,
vs.
JPMORGAN CHASE BANK, N.A.,
Respondent.

No. 68431

**FILED**

JAN 26 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a complaint in intervention. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

*Vacated and remanded with instructions.*

Law Offices of Michael F. Bohn, Esq., Ltd., and Michael F. Bohn, Las Vegas,
for Appellant.

Smith Larsen & Wixom and Chet A. Glover and Kent F. Larsen, Las Vegas,
for Respondent.

---

BEFORE HARDESTY, PARRAGUIRRE and PICKERING, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we determine whether the district court properly dismissed a complaint in intervention with prejudice when it

17-2863

dismissed the original action for failure to prosecute pursuant to NRCP 41(e). We conclude that, while dismissal of the complaint in intervention was mandatory under NRCP 41(e), the district court abused its discretion in dismissing the complaint in intervention with prejudice.

## FACTS AND PROCEDURAL HISTORY

This appeal involves the dismissal of an action contesting ownership of real property consisting of three separate lots: Lot 21, Lot 22, and Lot 26 (the Property) in Las Vegas. Appellant Saticoy Bay LLC Series 2021 Gray Eagle Way (Saticoy) allegedly obtained title to the Property by way of a homeowner association foreclosure deed on Lots 21 and 26 recorded on August 26, 2013, and a quitclaim deed from the same homeowner association on Lot 22 recorded on December 3, 2013. On September 5, 2012, respondent JPMorgan Chase Bank, N.A. (JPMorgan) was assigned the beneficial interest of a deed of trust recorded against the Property on January 4, 2007.

On April 20, 2009, the Canyon Gate Master Association's (CGMA) foreclosure agent recorded a notice of delinquent assessment lien against Lots 21, 22, and 26. On September 8, 2009, CGMA recorded a notice of default and election to sell Lots 21, 22, and 26. On December 15, 2009, Susan Louise Hannaford filed a complaint against CGMA challenging an arbitration award relating to the Property.

On May 23, 2013, CGMA recorded a notice of foreclosure sale of Lots 21 and 26 and scheduled the sale for July 18, 2013. Saticoy appeared at the foreclosure sale and purchased Lots 21 and 26. On August 5, 2013, Saticoy moved to intervene in the action initiated by Hannaford's complaint. The motion was unopposed, and the district court entered an order granting the motion. On September 30, 2013, Saticoy

filed its complaint in intervention seeking injunctive relief, quiet title, declaratory relief, and issuance of a writ of restitution.

On October 18, 2013, CGMA recorded a notice of foreclosure sale of Lot 22. CGMA purchased Lot 22 at the foreclosure sale on November 21, 2013. Saticoy purportedly purchased Lot 22 from CGMA by way of a quitclaim deed recorded December 3, 2013.

On November 6, 2014, JPMorgan filed an answer to Saticoy's complaint in intervention. On March 17, 2015, the district court entered an order to show cause directing the parties to show why the action should not be dismissed pursuant to NRCP 41(e) for failure to bring the action to trial within five years after Hannaford's complaint was filed. At the show cause hearing, the district court determined that the action should be dismissed, but requested that the parties brief the issue of whether the dismissal should be with or without prejudice. After briefing was completed, the district court entered an order dismissing Hannaford's complaint and Saticoy's complaint in intervention with prejudice, finding that (1) neither Hannaford nor Saticoy had "taken affirmative steps to adequately prosecute [the] case," (2) Saticoy's "excuse that it intervened only nineteen months [before the date of the order to show cause was] an inadequate excuse for delay," (3) Saticoy's case lacks merit, and (4) NRS 116.3116(6)'s[1] three-year limitation period for foreclosing an HOA lien had run. Saticoy appeals the district court's decision.

---

[1]In 2015, the Legislature amended NRS Chapter 116. *See* 2015 Nev. Stat., ch. 266, § 1, at 1331-45. Those amendments became effective October 1, 2015. Any discussion in this opinion related to those statutes refers to the 2013 statutes in effect at the time the district court made its decision in June 2015.

## DISCUSSION

*Mandatory dismissal under NRCP 41(e) includes complaints in intervention brought in an original action*

Under NRCP 41(e), "[a]ny action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within 5 years after the plaintiff has filed the action." The district court does not have discretion to dismiss an action pursuant to NRCP 41(e). *Johnson v. Harber*, 94 Nev. 524, 526, 582 P.2d 800, 801 (1978). We have previously explained that

> NRCP 41(e) gives five years for a trial of an "action", not of a "claim." Unlike a claim, an action includes the original claim and any crossclaims, counterclaims, and third-party claims . . . . Thus, the original claim and any crossclaims, counterclaims and third party claims are all part of one "action."

*United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus. v. Manson*, 105 Nev. 816, 820, 783 P.2d 955, 957-58 (1989).

We have not, however, decided whether complaints in intervention filed in the original action fall into the *Manson* framework. Thus, as a preliminary issue in this case, we must first address whether complaints in intervention are part of the original action for purposes of NRCP 41(e)'s mandatory dismissal.

NRCP 24 is instructive in deciding whether a complaint in intervention is part of the original action for purposes of NRCP 41(e). NRCP 24, which governs complaints in intervention, permits parties, under certain circumstances, "to intervene in an *action*." NRCP 24(a)-(b) (emphasis added). Similarly, this court has treated parties in intervention under NRCP 24 as intervenors in the original action. *See Las Vegas Police*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*Protective Ass'n Metro., Inc. v. Eighth Judicial Dist. Court*, 122 Nev. 230, 239, 130 P.3d 182, 189 (2006) ("Generally, an intervenor is afforded all the rights of a party to the action . . . ." (internal quotation marks omitted)); *Estate of LoMastro v. Am. Family Ins. Grp.*, 124 Nev. 1060, 1067-68, 195 P.3d 339, 345 (2008) ("[W]hen an intervenor intervenes, it is bound by all prior orders and adjudications of fact and law as though [it] had been a party from the commencement of the suit." (second alteration in original) (internal quotation marks omitted)).

The practice of treating complaints in intervention as part of the original action is also typical in other jurisdictions. *See, e.g.*, *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985) ("When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party."); *Conseco v. Wells Fargo Fin. Leasing, Inc.*, 204 F. Supp. 2d 1186, 1193 (S.D. Iowa 2002) ("A party, once allowed to intervene, may litigate fully as if it were an original party."); *Taylor-West Weber Water Improvement Dist. v. Olds*, 224 P.3d 709, 712 (Utah 2009) (holding that third-party intervenors have the same status as original parties); *see also* 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1920, at 609 (3d ed. 1998) ("Unless conditions have been imposed, the intervenor is treated as if the intervenor were an original party . . . .").

Thus, we conclude that complaints in intervention are part of the original action for purposes of mandatory dismissal under NRCP 41(e). Because Saticoy failed to timely prosecute its claims in intervention, dismissal was mandatory.

*The district court's dismissal of Saticoy's complaint in intervention with prejudice, however, was an abuse of discretion*

"A district court has broad, but not unbridled, discretion in determining whether dismissal under NRCP 41(e) should be with or without prejudice." *Monroe v. Columbia Sunrise Hosp. & Med. Ctr.*, 123 Nev. 96, 102-03, 158 P.3d 1008, 1012 (2007). The parties agree that the district court acted within its discretion when it dismissed Hannaford's claims with prejudice. Thus, we only consider whether the district court abused its discretion when it dismissed Saticoy's complaint in intervention with prejudice.

Saticoy argues that the district court abused its discretion because it failed to properly apply the *Monroe* factors relevant to a determination of dismissal with or without prejudice. Under *Monroe*, "[f]actors relevant to the district court's exercise of that discretion include the underlying conduct of the parties, whether the plaintiff offers adequate excuse for the delay, whether the plaintiff's case lacks merit, and whether any subsequent action following dismissal would not be barred by the applicable statute of limitations." *Id.* at 103, 158 P.3d at 1012 (footnote omitted). We will defer to the district court's findings of fact unless they are clearly erroneous or not supported by substantial evidence. *See Weddell v. H20, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012). We review the district court's legal conclusions de novo. *Id.*

*Conduct of the parties and adequacy of excuse for delay*

The district court decided to dismiss with prejudice, in part, because it found that Saticoy had not taken adequate steps to prosecute its claims, and it offered no adequate excuse for delay. We disagree.

We have stated that "[t]he duty rests upon the plaintiff to use diligence and to expedite his case to a final determination." *Moore v. Cherry*, 90 Nev. 390, 395, 528 P.2d 1018, 1021 (1974). However, "[b]ecause the law favors trial on the merits, . . . dismissal with prejudice may not be warranted where . . . delay is justified by the circumstances of the case." *Home Sav. Ass'n v. Aetna Cas. & Sur. Co.*, 109 Nev. 558, 563, 854 P.2d 851, 854 (1993). In deciding whether circumstances justify dismissal with prejudice, we consider "the conduct and good faith belief of the parties." *Id.* The circumstances of this case are such that dismissal with prejudice is not warranted.

Saticoy purportedly acquired its interest in Lots 21 and 26 of the Property at the foreclosure sale held in July 2013. Saticoy promptly filed a motion to intervene in August 2013 and filed its complaint in intervention on September 30, 2013. JPMorgan filed an answer to Saticoy's complaint over a year later on November 6, 2014. Thus, Saticoy held its interest in the property for 17 months, had been a party to the action for less than 15 months, and was served with JPMorgan's answer 40 days before the five-year limitation period expired. We conclude that Saticoy's conduct demonstrates that it took adequate steps to prosecute its action, and any delay was justified by the circumstances of the case.

*The district court misapplied NRS 116.3116(6) to the merits of Saticoy's claims*

A district court may consider the merits of the claims when it exercises its discretion in deciding whether to dismiss with prejudice. *Monroe*, 123 Nev. at 102-03, 158 P.3d at 1012. Here, the district court found that Saticoy's case lacked merit based on its application of a three-

year limitation period extinguishing unpaid assessment liens in NRS 116.3116(6).[2]

NRS 116.3116(6) provides that "[a] lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within 3 years after the full amount of the assessments becomes due." NRS 116.3116(1) provides that an HOA has a lien for assessments against its homeowner's residence at the time the assessments become due and, if the assessment is payable in installments, the HOA has a lien for the full amount of the assessment when the first installment is due. Under NRS 116.3116(5), the HOA's lien is perfected when its declaration is recorded and "[n]o further recordation of any claim of lien for assessment . . . is required." Here, the parties do not dispute that CGMA had a valid lien for assessments against the property. The question is whether that lien was extinguished by the three-year limitation period in NRS 116.3116(6). To resolve this issue, we must determine what action is sufficient to meet the requirement of instituting "proceedings to enforce the lien."[3]

_____

[2]In 2015, the Legislature changed the required action an HOA must take under the three-year limitation period for foreclosing a lien for unpaid assessments. 2015 Nev. Stat., ch. 266, § 1, at 1335. Under the current statute, an HOA's lien is extinguished unless an HOA records a notice of default and election to sell or institutes judicial proceedings to enforce its lien within three years after the full amount of the assessments becomes due. NRS 116.3116(10) (2015).

[3]We acknowledge that a determination must also be made as to when "the full amount of assessments becomes due" pursuant to NRS 116.3116(6). However, the district court did not explicitly find, and the record does not reflect, when the full amount of assessments became due in this case. Thus, we do not address that issue here.

In *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014), we interpreted the phrase "institution of an action to enforce a lien" contained in NRS 116.3116(2). Citing *Black's Law Dictionary*, 719, 869 (9th ed. 2009), we noted that "institution" has been broadly defined as "[t]he commencement of something, *such as* a civil or criminal action" and that "foreclosure proceedings are 'instituted' and include both 'judicial foreclosure' and 'nonjudicial foreclosure' methods." *Id.* at 415 (alteration in original) (internal quotation marks omitted). *Id.* at 415. Thus, for purposes of NRS 116.3116(6), the focus must be on the commencement of proceedings to enforce a lien. The procedure for foreclosure of liens is provided in NRS 116.31162-.31164. Under NRS 116.31162(1), an HOA may foreclose its lien by sale only after it takes certain steps. First, the HOA must provide to the homeowner a "notice of delinquent assessment which states the amount of the assessments and other sums which are due . . . , a description of the unit against which the lien is imposed and the name of the record owner of the unit." NRS 116.31162(1)(a). Not less than 30 days after the HOA provides the notice of delinquent assessment, the HOA must record a notice of default and election to sell the unit to satisfy the lien. NRS 116.31162(1)(b). Finally, the HOA must give the homeowner a 90-day grace period following the recording of the notice of default and election to sell before it continues foreclosure proceedings. NRS 116.31162(1)(c).

Under the foreclosure statutes, no action can be taken unless and until the HOA provides a notice of delinquent assessments pursuant to NRS 116.31162(1)(a). As such, a party has instituted "proceedings to enforce the lien" for purposes of NRS 116.3116(6) when it provides the notice of delinquent assessment. This interpretation conforms to our

decision in *SFR*, where we stated that "[t]o initiate foreclosure under NRS 116.31162 through NRS 116.31168, a Nevada HOA must notify the owner of the delinquent assessments." 130 Nev., Adv. Op. 75, 334 P.3d at 411. This also conforms to a December 12, 2012, Nevada Real Estate Division of the Department of Business and Industry (NRED) advisory opinion we cited favorably in *SFR*. *Id.* at 416-17. Under NRS 116.623(1)(a), NRED is tasked with issuing "advisory opinions as to the applicability or interpretation of . . . [a]ny provision of this chapter." In its advisory opinion, NRED stated that

> NRS 116 does not require an association to take any particular action to enforce its lien, but that it institutes "an action." NRS 116.31162 provides the first steps to foreclose the association's lien. This process is started by the mailing of a notice of delinquent assessment as provided in NRS 116.31162(1)(a) . . . . The Division concludes that this action by the association to begin the foreclosure of its lien is "action to enforce the lien" as provided in NRS 116.3116(2).

13-01 Op. NRED, 17-18 (2012).

The district court mischaracterized NRS 116.3116(6) as a statute of limitations. NRS 116.3116(6) does not operate as a statute of limitations, but instead determines the expiration of past due assessments. NRS 116.3116(6) limits the amount of unpaid assessments upon which an HOA can foreclose to those that have become due within three years of the HOA instituting proceedings to enforce its lien. Therefore, we conclude that the district court incorrectly relied on NRS 116.3116(6) when it found that Saticoy's claims lack merit.

*Saticoy's subsequent action is not barred by the applicable statute of limitations*

The district court erred in concluding that Saticoy could not refile a subsequent action following dismissal. Such action would be a complaint for quiet title to have its rights determined on the merits and would be governed by NRS 11.080. NRS 11.080 provides for a five-year statute of limitations for a quiet title action beginning from the time the "plaintiff or the plaintiff's ancestor, predecessor or grantor was seized or possessed of the premises in question." Saticoy did not acquire its interest in the Property until it purchased Lots 21 and 26 at the HOA foreclosure sale held in 2013. Therefore, the statute of limitations for a quiet title action under NRS 11.080 will not run until July 2018.

## CONCLUSION

We conclude that Saticoy's complaint in intervention was part of the original action for purposes of NRCP 41(e), and thus, dismissal of its complaint was mandatory. However, we conclude that the district court abused its discretion when it dismissed Saticoy's complaint in intervention with prejudice because Saticoy took adequate steps to prosecute its action, any delay was justified, its claims do not lack merit based on a proper application of NRS 116.3116(6), and a subsequent action would not be barred by the applicable statute of limitations. We therefore vacate the district court's order dismissing Saticoy's complaint in intervention with

prejudice and remand this matter to the district court with instructions for it to enter an order dismissing Saticoy's complaint in intervention without prejudice pursuant to NRCP 41(e).

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Pickering