IN THE SUPREME COURT OF THE STATE OF NEVADA

VIORELIS PONTIKIS, AN
INDIVIDUAL; AND MARGARET
PONTIKIS, AN INDIVIDUAL,
Appellants,
vs.
WOODLANDS COMMUNITY
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION; GOTHIC
LANDSCAPING, INC., A FOREIGN
CORPORATION; AND GOTHIC
GROUNDS MANAGEMENT, INC., A
FOREIGN CORPORATION,
Respondents.

No. 72389

**FILED**

DEC 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint for failure to prosecute under NRCP 41(e). Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Viorelis and Margaret Pontikis (the Pontikises) purchased a home in October 2009. The home had numerous gas leaks and water leaks that caused property damage. The Pontikises allege that the leaks were caused by the homebuilder, Coleman-Toll LLC (Toll), and from the overwatering of an adjacent property owned by the Woodlands Community Association (Woodlands), which was maintained by Gothic Landscaping, Inc. and Gothic Grounds Management, Inc. (the Gothic Entities). The Pontikises sued Toll, Woodlands, and the Gothic Entities for damage to their property that resulted from the leaks.

After the complaint was filed and discovery had commenced, Toll filed a motion for summary judgment. The district court granted this motion, and the Pontikises appealed. While their appeal was pending, the

18-909156

Pontikises claim that they agreed to an effective stay of the proceedings as to the other claims against Woodlands and the Gothic Entities. The other parties contest that any such oral agreement was ever made. While the agreement was allegedly made in a pretrial conference, there is no record of it in the court minutes. The Pontikises failed to bring their case to trial within the five-year period required by NRCP 41(e). As a result, over five years after the Pontikises filed their complaint, the district court dismissed their claims against Woodlands and the Gothic Entities with prejudice for failure to prosecute under NRCP 41(e). The Pontikises now appeal.[1]

*The district court properly dismissed the Pontikises' claims under NRCP 41(e)*

The Pontikises argue that the alleged oral agreement tolls the five-year deadline to bring the case to trial under NRCP 41(e). The Pontikises also ask us to expand the medical screening panel exception to include all oral agreements made by parties who wish to bring their case in one action when all parties are available. We disagree that the oral agreement tolls the five-year deadline, and decline to expand the medical screening panel exception.

Under NRCP 41(e), the district court *must* dismiss an action "unless such action is brought to trial within five years after the plaintiff has filed the action, except where the parties have stipulated in writing that the time may be extended." NRCP 41(e). It is necessary that stipulations to extend the five-year deadline be in writing. *Carstarphen v. Milsner*, 128 Nev. 55, 58-59, 270 P.3d 1251, 1253-54 (2012). This court has granted

---

[1]The parties are familiar with the facts of the case and we recite them here only as necessary.

several other exceptions to the five-year deadline, one of which the Pontikises ask us to extend. None of these exceptions apply.[2]

Here, there was no written stipulation to extend the five-year deadline. There was only an alleged implied agreement between the parties. However, an implied agreement to toll the five-year deadline is explicitly rejected by the rules. NRCP 41(e) (specifying that the stipulation must be made "in writing"); *Thran v. First Judicial Dist. Court*, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963) (holding that "[w]ords and conduct, short of a written stipulation" will not satisfy the written stipulation exception in NRCP 41(e)). Thus, if the Pontikises wanted to extend the five-year period as to Woodlands and the Gothic Entities, they needed to either enter into a written agreement, or move to stay the proceedings pending appeal under NRAP 8(a). Accordingly, we hold that the district court properly dismissed the Pontikises' claims against Woodlands and the Gothic Entities under NRCP 41(e).

*The district court did not abuse its discretion in dismissing the case with prejudice*

The Pontikises further contend that the district court abused its discretion in dismissing their claims with prejudice. We disagree.

"A district court has broad, but not unbridled, discretion in determining whether dismissal under NRCP 41(e) should be with or

---

[2]The Pontikises ask us to extend the medical screening panel exception, introduced in *Baker v. Noback*, 112 Nev. 1106, 1110, 922 P.2d 1201, 1203 (1996), to apply to all oral stipulations to stay the NRCP 41(e) deadline when the parties agree to bring the case in one action. The medical screening panel exception is not applicable in this case, nor in any case since the screening panels were eliminated in Nevada. Moreover, expanding this exception would go against the plain meaning of NRCP 41(e), and we therefore decline to do so.

without prejudice." *Monroe v. Columbia Sunrise Hosp. & Med. Ctr.*, 123 Nev. 96, 102-03, 158 P.3d 1008, 1012 (2007). We look to four factors to determine whether the district court abused its discretion in dismissing the Pontikises' claims with prejudice: (1) the underlying conduct of the parties; (2) whether the plaintiff offers adequate excuse for delay; (3) whether the plaintiff's case lacks merit; and (4) whether the subsequent action following dismissal would be barred by the statute of limitations. *Id.* at 103, 158 P.3d at 1012. We conclude that these factors weigh in favor of dismissing the case with prejudice.

First, in evaluating the parties' underlying conduct, this court looks to whether "the parties behaved in accordance with a reasonable and good-faith belief that no court action was necessary." *Hunter v. Gang*, 132 Nev. 249, 263, 377 P.3d 448, 457 (Ct. App. 2016) (citing *Home Sav. Ass'n v. Aetna Cas. & Sur. Co.*, 109 Nev. 558, 564, 854 P.2d 851, 854 (1993). Under this factor, the parties must have a good faith belief that no further court action was necessary to resolve their dispute. The record demonstrates that the Pontikises knew their case needed to be tried within five years, but erroneously thought that the oral stipulation was enough to toll this five-year deadline. This shows the Pontikises knew further court action was necessary to resolve this dispute.

Second, the Pontikises did not have an adequate excuse for delay. The Pontikises had a duty to "actively advance [their] case at all stages." *Allyn v. McDonald*, 117 Nev. 907, 912, 34 P.3d 584, 587 (2001). As a matter of law, oral stipulations do not toll the five-year deadline. Therefore, reliance on an oral stipulation to toll the deadline is inadequate. Thus, the Pontikises should have continued to trial on their claims against

Woodlands and the Gothic Entities, or stipulated in writing to extend the five-year deadline.

Finally, the statute of limitations on the Pontikises' claims expired four years from when the Pontikises "learned or in the exercise of reasonable diligence should have learned of the harm to [their] property." *Oak Grove Inv'rs v. Bell & Gossett Co.*, 99 Nev. 616, 622, 668 P.2d 1075, 1079 (1983), *abrogated on other grounds by Calloway v. City of Reno*, 116 Nev. 250, 993 P.2d 1259 (2000). The record indicates that the Pontikises discovered the damage to their property on September 12, 2010, which means that the statute of limitations expired four years later on September 12, 2014. Accordingly, the statute of limitations has run, and the statute of limitations would bar the Pontikises claims.

These factors weigh in favor of dismissing the case with prejudice. Thus, we conclude that the district court did not abuse its discretion by dismissing the case with prejudice, and

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

---

[3]We have considered the parties' remaining arguments and conclude they are without merit.

cc: Hon. Mark R. Denton, District Judge
Alverson Taylor & Sanders
Skane Wilcox LLP
Eighth District Court Clerk