141 Nev., Advance Opinion 38

IN THE SUPREME COURT OF THE STATE OF NEVADA

WESLEY J. PAUL, AN INDIVIDUAL;
AND PAUL LAW GROUP, LLP, A NEW
YORK LIMITED LIABILITY
COMPANY,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
DAVID A. HARDY, DISTRICT JUDGE,
DEPT. B15,
Respondents,
    and
ALLAN HOLMS, AN INDIVIDUAL;
BAKKEN RESOURCES, INC., A
NEVADA CORPORATION; DAN
ANDERSON, AN INDIVIDUAL; KAREN
MIDTLYNG, AN INDIVIDUAL;
HERMAN R. LANDEIS, AN
INDIVIDUAL; BILL M. BABER, AN
INDIVIDUAL; SOLANGE CHARAS, AN
INDIVIDUAL; DOUGLAS L.
WILLIAMS, AN INDIVIDUAL;
LOWENSTEIN SANDLER, LLP, A NEW
JERSEY LIMITED LIABILITY
PARTNERSHIP; ALIXPARTNERS, LLP,
A DELAWARE LIMITED LIABILITY
PARTNERSHIP; A.P. SERVICES, LLC,
A DELAWARE LIMITED LIABILITY
COMPANY; FELTMAN EWING, P.S., A
WASHINGTON PROFESSIONAL
SERVICES CORPORATION; AND
BROWNSTEIN HYATT FARBER
SCHRECK, LLP, A COLORADO
LIMITED LIABILITY PARTNERSHIP,
Real Parties in Interest.

No. 89581

FILED

AUG 21 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus and/or prohibition challenging a district court order denying a motion to dismiss based on NRCP 41(e)(2)(B).

*Petition granted.*

Hutchison & Steffen, PLLC, and Joseph C. Reynolds, Reno,
for Petitioners.

Robison, Sharp, Sullivan & Brust and Hannah E. Winston, Reno; The Gilmore Law Group, PLLC, and Frank C. Gilmore, Reno,
for Real Parties in Interest Bakken Resources, Inc., and Allan Holms.

Brownstein Hyatt Farber Schreck, LLP, and Eric D. Walther, Las Vegas,
for Real Party in Interest Brownstein Hyatt Farber Schreck, LLP.

Snell & Wilmer, LLP, and Alex L. Fugazzi, Las Vegas,
for Real Parties in Interest A.P. Services, LLC, and AlixPartners, LLP.

Dotson Law and Justin C. Vance, Reno,
for Real Party in Interest Dan Anderson.

Fennemore Craig, P.C., and Chelsie Adams, Reno,
for Real Parties in Interest Solange Charas and Douglas L. Williams.

Maurice Wood and Amanda Baker, Las Vegas,
for Real Party in Interest Lowenstein Sandler LLP.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and Sheri M. Thome, Las Vegas,
for Real Party in Interest Feltman Ewing, P.S.

Bill M. Baber, Petrolia, Texas,
Pro Se.




Herman R. Landeis, Cody, Wyoming,
Pro Se.

Karen Midtlyng, Helena, Montana,
Pro Se.

---

BEFORE THE SUPREME COURT, PARRAGUIRRE, BELL, and STIGLICH, JJ.


*OPINION*

By the Court, STIGLICH, J.:

NRCP 41(e)(2)(B) mandates dismissal of any civil action not brought to trial within five years. We take this opportunity to reiterate that the five-year time limit for prosecuting an action begins at the time of the initial complaint, no matter the complexity of any subsequent procedural history. We also clarify that a party's waiver of NRCP 41(e)(2)(B)'s clock applies only to the parties that actually made the waiver. Because the instant action commenced in 2014 and petitioners Wesley J. Paul and the Paul Law Group (collectively, Paul) did not waive NRCP 41(e)(2)(B)'s time limit, they are entitled to mandatory dismissal of the action, and we grant their petition for a writ of mandamus.

*FACTS AND PROCEDURAL HISTORY*

This litigation commenced in March 2014 as a derivative shareholder complaint on behalf of real party in interest Bakken Resources, Inc., a mineral rights holding company. The complaint alleged Paul and Val Holms—respectively Bakken's corporate counsel and majority shareholder—entered into a series of self-dealing transactions. Val Holms filed his own derivative complaint in 2016 but did not name Paul as a

defendant. Paul was dismissed from the underlying case on September 27, 2016.

During the fall of 2016, Val Holms took steps to transfer a significant amount of Bakken stock to his brother, real party in interest Allan Holms. Val Holms died in December 2016, spawning a third complaint in which Bakken sued to prevent Allan Holms from receiving Val Holms's stock. The district court consolidated the three cases. Following consolidation, in 2018, Allan Holms and Bakken also asserted a counterclaim, which did not name Paul as a counterdefendant. While Paul was still absent from the litigation, the remaining parties to the consolidated action, including the original shareholder plaintiffs, Val Holms's estate, and Bakken, stipulated to waive NRCP 41(e)(2)(B)'s five-year rule.

The consolidated cases were mostly resolved in 2019. The original derivative complaint and Val Holms's derivative complaint were dismissed by stipulation. Allan Holms won control of Val Holms's stock through summary judgment, at which point Allan Holms gained de facto control of Bakken. Only the 2018 counterclaim remained unresolved. With Allan Holms now at the helm, Holms and Bakken amended the counterclaim in 2020 and named Paul as what they termed a counterdefendant. In 2024, Paul filed a motion to dismiss the case for lack of prosecution under NRCP 41(e)(2)(B), which mandates dismissal of any civil action not brought to trial within five years. The district court denied the motion, concluding the 2020 counterclaim constituted a new action and the parties had waived the application of NRCP 41(e)(2)(B)'s five-year rule. Paul filed this petition seeking this court's intervention and requesting a

writ of mandamus and/or prohibition to compel the district court to dismiss the action.[1]

## DISCUSSION

*We elect to entertain Paul's petition for a writ of mandamus*

Whether to entertain a writ petition is within this court's discretion. *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). "A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Id.* Because dismissal under NRCP 41(e)(2)(B) is mandatory, we have often recognized that writ petitions requesting NRCP 41(e)(2)(B) dismissal may warrant extraordinary relief. *Smith v. Eighth Jud. Dist. Ct.*, 113 Nev. 1343, 1345 n.1, 950 P.2d 280, 281 n.1 (1997) (recognizing that writ relief may be appropriate to address issues of mandatory dismissal under NRCP 41(e)); *see also Thran v. First Jud. Dist. Ct.*, 79 Nev. 176, 178, 380 P.2d 297, 298-99 (1963) (recognizing mandamus relief as an appropriate remedy for failure to dismiss a case under NRCP 41(e)). We thus conclude Paul has met his burden to show consideration of his writ is warranted.[2]

---

[1]Real parties in interest Brownstein Hyatt Farber Schreck, LLP; A.P. Services, LLC; and AlixPartners, LLP, filed in this court notices with supporting documentation indicating that they were no longer involved in the proceedings in the district court and should not have been named as real parties in interest in this petition.

[2]We consider Paul's petition for a writ of mandamus, rather than prohibition, as we have done in other cases considering mandatory dismissal under NRCP 41(e). *E.g., Smith*, 113 Nev. at 1345 n.1, 950 P.2d at 281 n.1.

We are unpersuaded by Holms and Bakken's arguments to the contrary. Holms and Bakken contend an appeal from a final judgment would constitute an adequate and speedy remedy, precluding writ relief. But the purpose of NRCP 41(e)(2)(B) is "to compel expeditious determinations of legitimate claims." *Baker v. Noback*, 112 Nev. 1106, 1110, 922 P.2d 1201, 1203 (1996) (citing *C. R. Fedrick, Inc. v. Nev. Tax Comm'n*, 98 Nev. 387, 389, 649 P.2d 1372, 1374 (1982)). Withholding consideration of the district court's denial of Paul's motion to dismiss until after final judgment would ignore the purpose of NRCP 41(e)(2)(B) by allowing the litigation to proceed far past the point of expediency. Nor are we persuaded by Holms and Bakken's assertion that the record is insufficient to enable this court's review. The appendices submitted by the parties include all the relevant pleadings and milestones in the action. Thus, we elect to entertain Paul's petition.

*NRCP 41(e)(2)(B) mandates dismissal of the action against Paul*

A district court must dismiss an action if it has not been brought to trial within five years. NRCP 41(e)(2)(B). The five-year clock is tolled for "[a]ny period during which the parties are prevented from bringing an action to trial by reason of a stay order." *D.R. Horton, Inc. v. Eighth Jud. Dist. Ct.*, 131 Nev. 865, 872, 358 P.3d 925, 930 (2015) (alteration in original) (quoting *Boren v. City of North Las Vegas*, 98 Nev. 5, 6, 638 P.2d 404, 405 (1982) (per curiam)).

There were two stays in this case. The Second Judicial District Court stayed all civil trials during the COVID-19 pandemic for a total of 387 days. The parties also agreed to a 47-day stay while Paul pursued an unrelated writ in this court. The two stays amount to 434 days, meaning dismissal was mandatory if the action commenced five years and 434 days before Paul filed his motion to dismiss. Paul filed his motion to dismiss on

SUPREME COURT
OF
NEVADA

(O) 1947A

6

August 1, 2024. Factoring in the stays, the district court was obligated to dismiss the action if the action commenced before May 24, 2018. Because the original action was filed in 2014, NRCP 41(e)(2)(B) mandated that the court grant Paul's motion to dismiss, absent an exception.

*Paul did not waive application of NRCP 41(e)(2)(B)'s five-year clock*

Holms and Bakken contend NRCP 41(e)'s clock was waived, making dismissal improper. "The parties may stipulate in writing to extend the time in which to prosecute an action." NRCP 41(e)(5). The parties did agree to waive application of NRCP 41(e) in 2018, but Paul was not a part of the litigation at the time of the waiver. We have not directly addressed whether an NRCP 41(e)(2)(B) waiver by one defendant may be imputed to other defendants. Two lines of reasoning persuade us that it may not.

First, we have recognized NRCP 41(e)(2)(B)'s clock may be tolled as to one defendant while continuing to run for another. In *Edwards v. Ghandour*, we concluded that one defendant's automatic bankruptcy stay did not toll NRCP 41(e)(2)(B)'s clock for the plaintiff's claims against other defendants. 123 Nev. 105, 113-14, 159 P.3d 1086, 1091-92 (2007), *abrogated on other grounds by Five Star Cap. Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 712-13 (2008). Following *Edwards*, it is clear that NRCP 41(e)(2)(B)'s clock may stop and start for different defendants at different times. Nothing in NRCP 41(e)(2)(B) requires a waiver between some parties to act as a pause button for the entire litigation.

Second, we turn to general principles of contract law. One of the basic principles of contract law is "that none are liable upon contract except those who are parties to it." *Paxton v. Bacon Mill & Mining Co.*, 2 Nev. 768, 770 (1866). Paul was not a party to the waiver here or even a defendant in the litigation when the waiver occurred. Nor has Paul implicitly agreed to the waiver by any of his subsequent conduct because,

as we have explained, "[w]ords and conduct, short of a written stipulation, cannot in cases involving this statute constitute an estoppel." *Great W. Land & Cattle Corp. v. Sixth Jud. Dist. Ct.*, 86 Nev. 282, 285, 467 P.2d 1019, 1021 (1970) (quoting *Thran*, 79 Nev. at 181, 380 P.2d at 300). Thus, Paul has not agreed to waive the application of NRCP 41(e)(2)(B), and the other parties' waiver cannot be applied to Paul.

*Holms and Bakken's 2020 amended counterclaim does not constitute a new action*

Holms and Bakken also argue their 2020 amended counterclaim began a new action, restarting NRCP 41(e)(2)(B)'s five-year clock. This runs contrary to our precedent. "NRCP 41(e) gives five years for trial of an 'action,' not of a 'claim.' Unlike a claim, an action includes the original claim and any crossclaims, counterclaims, and third-party claims." *United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus. v. Manson*, 105 Nev. 816, 820, 783 P.2d 955, 957 (1989). Under our precedent, the five-year clock began upon the filing of the 2014 derivative shareholder complaint. While Allan Holms only later gained control of Bakken, enabling him to file counterclaims on its behalf, he still had the burden "to ensure compliance with the NRCP 41(e) prescriptive period." *Morgan v. Las Vegas Sands, Inc.*, 118 Nev. 315, 321, 43 P.3d 1036, 1040 (2002). This obligation applies even when a party's claims only ripen after expiration of the five-year time limit. *Manson*, 105 Nev. at 820-21, 783 P.2d at 957-58.

Further, for Holms and Bakken to prevail, the action must have restarted not just on a counterclaim, but on an amended counterclaim. When calculating the time for prosecution under NRCP 41(e)(2)(B), the time begins at the filing of the action, and an amended pleading does not reset the clock. *Volpert v. Papagna*, 85 Nev. 437, 440, 456 P.2d 848, 850 (1969).

Holms and Bakken's 2018 counterclaim was filed over five years before Paul's motion to dismiss, and dismissal would still be necessary.

*The action has not been brought to trial with respect to Paul*

Holms and Bakken's last assertion is that NRCP 41(e)(2)(B) dismissal is unavailable because the original action has been brought to trial. Again, we disagree. For the purposes of NRCP 41(e)(2)(B), an action has been brought to trial upon "examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by the pleadings, for the purpose of determining the rights of the parties." *Monroe v. Columbia Sunrise Hosp. & Med. Ctr.*, 123 Nev. 96, 100, 158 P.3d 1008, 1010 (2007) (internal quotation marks omitted). Two of the consolidated cases here were dismissed by stipulation of the parties, involving no determination by a tribunal. The third went to summary judgment, but the dispute in that case was between Bakken and Allan Holms over control of the late Val Holms's Bakken stock. The dispute did not involve Paul at all, so the action has not been brought to trial with respect to Paul. *See id.* at 101, 158 P.3d at 1011 (holding that an "action may be brought to trial between a single plaintiff and defendant for the purposes of NRCP 41(e), so long as the disposition completely resolves all claims between those two parties"). Thus, the action was filed over five years prior to Paul's motion to dismiss and has not been brought to trial in that time, mandating dismissal.

## CONCLUSION

Paul has met his burden to demonstrate that our intervention and extraordinary writ relief is warranted by showing dismissal of the action against him is mandatory under NRCP 41(e)(2)(B). Thus, we grant his petition. When granting Paul's motion to dismiss, the district court should exercise its discretion to determine whether the dismissal should be

with or without prejudice. *See* NRCP 41(e)(6) (providing that a district court may determine whether dismissal under NRCP 41(e) is with or without prejudice). Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus ordering the district court to grant Paul's motion to dismiss for lack of prosecution under NRCP 41(e)(2)(B).

_____ , J.
Stiglich

We concur:

_____ , J.
Parraguirre

_____ , J.
Bell